464 P.2d 918

**Harold W. WICKERSHAM, Appellant,**

**v.**

**NEW MEXICO STATE BOARD OF EDUCATION, Appellee.**

**No. 384.**

Court of Appeals of New Mexico.

Jan. 16, 1970.

Gary D. Reagan, Glen L. Houston, Williams, Johnson, Houston & Reagan, Hobbs, for appellant.

E. P. Ripley, Santa Fe, for State Bd. of Ed.

Mack Easley, Easley & Reynolds, Hobbs, for Jal Bd., of Ed.

## OPINION

WOOD, Judge.

The Local Board (Jal Board of Education) refused to re-employ a tenure teacher (Harold W. Wickersham). The State Board (State Board of Education) affirmed the Local Board's decision. The teacher appeals directly to this court. Section 77-8-17, N.M.S.A.1953 (Repl.Vol. 11, pt. 1). The teacher contends there is a

lack of substantial evidence to support the decision not to re-employ him. In addition, he claims the State Board's decision is arbitrary, unreasonable, unlawful and capricious. Under this claim he attacks the fairness of the proceedings before each of the Boards. Because of the issues raised we first set forth the nature of the review by this court.

*Nature of this court's review.*

Our review, under § 77–8–17, supra, is limited to a determination of whether the State Board's decision is arbitrary, unreasonable, unlawful or capricious. Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968).

■ The teacher presents the substantiality of the evidence as an independent ground for review. There are school teacher decisions under prior law which indicate that the evidence question is an independent ground. Roberson v. Board of Education of City of Santa Fe, 80 N.M. 672, 459 P.2d 834 (1969) and cases therein cited. Since, however, the State Board is a constitutional body, N.M.Const. Art. XII, § 6, with authority to control public schools as provided by law, we consider our review is limited to a determination of whether that constitutional body acted arbitrarily, unreasonably, unlawfully or capriciously. McCormick v. Board of Education, 58 N.M. 648, 274 P.2d 299 (1954).

This does not mean that the evidence question will not be reviewed. If the State Board affirmed a Local Board decision, and the Local Board's decision was not supported by substantial evidence, the State Board's decision would be unreasonable. See McWood Corporation v. State Corporation Commission, 78 N.M. 319, 431 P.2d 52 (1967).

■ The teacher asserts the Local Board proceedings were unfair. In our opinion, the State Board may consider such an issue when it is raised in connection with the discontinuance of a teacher's services. Compare State ex rel. State Board of Education v. Montoya, 73 N.M.

162, 386 P.2d 252 (1963). The State Board's authority exists, if not under § 77–8–17, supra, then under § 77–2–1, N.M. S.A.1953 (Repl.Vol. 11, pt. 1). If the State Board affirmed a Local Board's decision, and the proceedings at the Local Board level were unfair to the teacher, the State Board's decision would be lacking in rationality and therefore arbitrary or unreasonable. Similarly, if the review proceedings before the State Board were unfair to the teacher, the State Board's decision would be arbitrary or unreasonable.

Thus, each of the grounds asserted by the teacher are reviewable by this court.

*Substantial evidence.*

The Local Board determined that the teacher " * * * has demonstrated inefficiency and incompetence as a school instructor; his work performance has been unsatisfactory; and he has violated his contract and the Rules and Regulations of the Local Board. * * *" The findings then detailed fifteen items pertaining to the foregoing quotation. It is not necessary to consider each of these items. Nor is it necessary to consider, as an independent finding, the determination that the teacher violated his contract and local rules and regulations. Each of these—the fifteen items, the contract, the rules and regulations—are a detail of or a duplication of the findings of inefficiency, incompetence and unsatisfactory performance.

It is not claimed that inefficiency, incompetence and unsatisfactory performance are insufficient cause to refuse to re-employ a tenure teacher. Section 77–8–12, N.M.S.A.1953 (Repl.Vol. 11, pt. 1); see Annot., 4 A.L.R.3d 1090 (1965); compare Roberson v. Board of Education of City of Santa Fe, supra. The question is whether there is substantial evidence of the asserted inefficiency, incompetence and unsatisfactory performance.

■ Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Tapia v. Panhandle Steel

Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967).

The record shows dissatisfaction with and criticism of the teacher's performance in March, 1967. In February, 1968 he was informed of nine "deficiencies", the thrust of which went to his grading, teaching methods, discipline of students and failure to exhibit initiative. He was informed that his employment status was under consideration, however, he was employed for the 1968–1969 school year. The decision to discontinue his services came prior to the close of the 1968–1969 school year.

The evidence presented at the Local Board hearing is conflicting on every aspect of the teacher's performance. The conflict is such that, in our opinion, the evidence would have supported a decision either way. However, the evidence supporting the Local Board's decision is substantial and is not deprived of substantiality because of the conflict. Compare Fox v. Doak, supra.

The teacher contends that in direct appeals to this court, we should do more than determine whether there was relevant evidence which could be accepted by Local Board members as adequate to support a determination of inefficiency, incompetence and unsatisfactory performance. The teacher asserts that we should weigh the evidence in determining the question of whether it is substantial. He claims we did this in Board of Education v. State Board of Education, supra. The teacher misreads that decision. There we examined the record to see if there was any substantial evidence to support the Local Board's decision and found there was none. We expressly did not consider the evidence in favor of the teacher's position. We did not choose between lines of evidence, resolve conflicts or determine credibility.

In asking us to weigh the evidence, the teacher asks us to substitute our judgment for the judgment of the State Board. This we are not permitted to do. See Groendyke Transport, Inc. v. New Mexico State Corp. Com'n, 79 N.M. 60, 439 P.2d 709

(1968); Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967); Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7, 399 P.2d 646 (1964). It is not the province of this court to retry the case brought before it on appeal from the State Board. See Ferguson-Steere Motor Co. v. State Corp. Com'n, 63 N.M. 137, 314 P.2d 894 (1957).

We may not weigh the evidence since our function is limited to a review of the State Board's decision. In conducting that review, we consider only whether the State Board's decision was arbitrary, unreasonable, unlawful or capricious.

*Fairness of the Local Board proceedings.*

The teacher contends that the proceedings before the Local Board were unfair. His contentions, and our answers, follow:

(a) The decision not to re-employ him was prejudged. Section 77–8–12, supra, requires the Local Board to serve the teacher with written notice stating the causes for refusing to re-employ the teacher. Subsequent to service of this notice there must be a hearing and, at that hearing, the Local Board must find "cause" for refusing to re-employ the teacher. Thus, the decision not to re-employ is made before the teacher is given opportunity to defend against the "cause" motivating the notice of termination.

[6] The claim of prejudgment is based on this procedure. Our answer is that the procedure is provided by the statute and it is not our function to inquire into the policy or justness of acts of the Legislature. In re Sosa's Petition, 74 N.M. 182, 392 P. 2d 14 (1964); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953).

(b) The Local Board is the body that: (1) decides not to re-employ the teacher, (2) at the hearing develops the proof to justify that decision and (3) after the hearing decides that "cause" for termination has been proven. A similar issue was raised in Seidenberg v. New Mexico

Board of Medical Exam., 80 N.M. 135, 452 P.2d 469 (1969). That opinion states:

"The fact that the charges are made by the same body which tries the issues does not, in itself, operate as a disqualification. * * *"

Our view is that the overlapping functions performed by the Local Board does not, in itself, establish that the proceedings against the teacher were unfair.

(c) The time of the hearing and the speed of the Local Board's decision. The Local Board hearing began at 1:00 p. m., and except for a one hour recess, continued until 3:00 a. m. the following morning. The record of this hearing consists of 373 pages and over 250 pages of documents introduced as exhibits. The Local Board reconvened at 3:10 a. m., reached its decision that the teacher should not be re-employed, instructed its attorney to draft findings and conclusions for the Local Board's consideration and adjourned at 3:40 a. m.

■ The fact that the hearing continued through most of the night does not establish unfairness to the teacher. The teacher's attorney announced that due to the lateness of the hour some of his witnesses were unavailable. However, the teacher's attorney stipulated that the Local Board might render its decision on the basis of evidence presented at the hearing. There is nothing to indicate the teacher was prevented from presenting his case fully.

■ The speed of the Local Board's decision does not establish unfairness. There is nothing to show that the testimony and exhibits were not considered by the Local Board members as the evidence was introduced. The minutes of the Local Board meeting indicate to the contrary. One Local Board member declined to participate in the decision because he was absent a short time and had not heard all of the evidence.

(d) State policy where there is unsatisfactory work performance. The teacher introduced as an exhibit a copy of a letter signed by counsel for the State Board and addressed to all superintendents of schools. The letter refers to procedures adopted by the State Board and states that the procedures were to be followed in case of unsatisfactory work performance. See § 77–8–18, N.M.S.A.1953 (Repl.Vol. 11, pt. 1). We are not concerned with those procedures; the record does not disclose what they are.

The letter states:

"I have been asked to emphasize the responsibility of the local school districts to give any and all assistance within their power to help teachers correct unsatisfactory work performance. The State Board feels that where unsatisfactory work performance situations exist local boards have the obligation to offer constructive assistance to the teacher."

The teacher contends that the policy outlined in the above quotation was violated by the Local Board. Whether the above quotation expresses an official policy of the State Board, we do not know. Such a policy is not established by the record. However, we assume the quotation is, in fact, an expression of policy. Was that policy violated?

In reviewing the Local Board proceedings, the State Board is required " * * * to determine whether or not there exists a substantial departure from the procedures and regulations prescribed by the state board which is prejudicial to the appealing party. * * *" Section 77–8–17, supra, Para. D. The State Board, in its decision, found there was no substantial departure from procedures and regulations which was prejudicial to the teacher. On this issue, as on other issues, the evidence is in conflict and a decision either way would have substantial support in the evidence.

Accordingly, we cannot, as the teacher contends, characterize the Local Board proceedings as unfair for having violated the asserted policy since there is substantial evidence that the policy was not violated.

(e) Withholding of a report critical of the teacher. In October, 1968 the curricu-

lum coordinator for the Local Board visited the teacher's class and wrote a report critical of the teacher's performance during that class. The report was promptly handed to the Superintendent for the Local Board. The teacher was not shown this report, nor made aware of its contents, until the following May 1st. The teacher claims this was unethical conduct on the part of the Superintendent and this conduct shows the Local Board proceedings were unfair.

■■■ Even if the withholding of the report could be characterized as unethical in the light of the Superintendent's explanatory testimony (a point unnecessary to decide), there is no showing that this alleged unethical conduct in any way affected the Local Board hearing or rendered that hearing unfair to the teacher.

*Fairness of the State Board proceedings.*

(a) Speed of the State Board's decision. The State Board hearing was held on July 31. The teacher's appeal was one of several to be heard that day. The record does not show how many teacher appeals were actually presented. The State Board's decision is dated August 5th. At oral argument the teacher asserted that the State Board's decision was announced by news media prior to that date. This contention goes outside the record and will not be considered. Our review is limited to the record. See Roberson v. Board of Education of City of Santa Fe, supra, and cases therein cited.

The teacher contends, within the record, that " * * * the State Board could not have given and did not in fact give due consideration to the evidence in the record. * * *" It bases this argument on the voluminous nature of the record, the fact that other appeals were presented on the day this teacher's appeal was presented, and the decision five days later.

■■■ Our answer is that the State Board is presumed to have given due consideration to the matters presented in the teacher's appeal. See Beaumont, S. L. & W. R. Co. v. United States, 282 U.S. 74, 51 S.Ct. 1, 75 L.Ed. 221 (1930); Pacific Employers Ins. Co. v. Industrial Accident Com'n, 19 Cal.2d 622, 122 P.2d 570, 141 A.L.R. 798 (1942); compare Fulwiler v. Traders & General Insurance Company, 59 N.M. 366, 285 P.2d 140 (1955); Herrera v. Zia Land Co., 51 N.M. 390, 185 P.2d 975 (1947). The facts on which the teacher relies do not rebut that presumption. Compare Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984 (1961).

■■■ (b) The form of the State Board's decision. The teacher seems to assert that the State Board was unfair because the State Board's decision does not contain an itemization of evidentiary findings, or detail the evidence on which the State Board relied in affirming the Local Board.

The State Board found there was substantial evidence to support the Local Board's decision and found there was no substantial departure from procedures or regulations which were prejudicial to the teacher. The decision covered the matters required to be reviewed by § 77–8–17, supra, Para. D. The form of the decision complies with § 77–8–17, supra, Para. E, which requires " * * * a written decision affirming or reversing the decision of the local school board. * * *" Evidentiary findings or a recital of the evidence relied on are not required.

Not being arbitrary, unreasonable, unlawful nor capricious, the decision of the State Board is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.