499 P.2d 1000

Oralda SILVA, Appellant,

v.

HEALTH & SOCIAL SERVICES DEPART-
MENT of the State of New Mex-
ico, Appellee.

No. 867.

Court of Appeals of New Mexico.

July 7, 1972.

Gary J. Martone, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James G. Huber, Robert J. Laughlin, Agency Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

COWAN, Judge.

Oralda Silva appeals from a decision of the Health & Social Services Department (department) terminating her Aid to Families With Dependent Children (AFDC). We reverse.

Appellant Silva and her husband separated in August, 1969. In September of 1969 appellant applied to the department for assistance under AFDC and was approved for such assistance in the amount of $92.00 per month. This was paid her until September, 1971, when she received a notice of proposed termination, effective in November, 1971, from the Bernalillo County office of the department. The reason advanced by the County for the proposed action was:

"We cannot establish deprivation of parental support, as it seems that your separation from your husband is merely one of convenience. He uses your address as his home address. Also, you and he filed a joint income tax in 1970, and he visits his son several times a week and claims both of you as dependents for income tax purposes."

Appellant requested and received a fair hearing on the question of termination, after which the hearing officer recommended that the assistance continue. The department's so-called Appeals Review Committee declined to adopt the recommendation of the hearing officer on the sole ground that: "Client did not present evidence contradicting that known by the County Office."

The department, through its executive director, adopted the recommendation of the Appeals Review Committee as its decision and order and so notified appellant. Appeal was thereupon effected to this court.

Appellant argues that the decision to terminate is not in accordance with the law, being inconsistent with the Social Security Act of 1935 and the regulations promulgated thereunder. She also argues that the decision is arbitrary, capricious and unsupported by substantial evidence in the record as a whole.

Did Mrs. Silva present contradicting evidence? It was admitted by the department at the oral argument of this matter before this court that testimony of Mrs. Silva at the fair hearing was, in fact, con-

tradictory to the evidence upon which the action of the County office of the department was predicated. The record as a whole supports this position and we therefore hold that the department's decision and order to terminate was arbitrary.

The decision and order appealed from is reversed and the case is remanded for further action in accordance with the hearing officer's report of December 20, 1971. It is so ordered.

Consideration should be given to the fact that the father is now paying $50.00 per month toward the support of the minor child.

We suggest that the department give serious consideration to the application of §§ 13–1–27, 13–1–27.2 and 13–1–28, N.M.S.A. 1953 (Repl.Vol. 3, 1971 Supp.) to this and similar cases.

WOOD, C. J., and SUTIN, J., concur.