501 P.2d 670

Claude B. EATON, Appellant,

v.

BUREAU OF REVENUE, Appellee.

No. 886.

Court of Appeals of New Mexico.

Aug. 4, 1972.

Rehearing denied Aug. 28, 1972.

Certiorari denied Sept. 26, 197?

Mark H. Shaw, David R. Gallagher, Gallagher & Ruud, McAtee, Marchiondo & Berry, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James D. Bryce, Agency Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COWAN, Judge.

From an adverse decision of the Commissioner of the Bureau of Revenue (Commissioner) holding him liable for gross receipts and compensating tax, Claude B. Eaton appeals directly to this court. Section 72–13–39, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1971).

We reverse.

The question is whether Eaton, during the period covered by the tax assessment, was an independent contractor and therefore liable for the tax, or an employee and exempt therefrom.

Wages, salaries, commissions and other forms of payment for personal services received by an employee are specifically exempted from gross receipts tax by § 72–16A–12.5, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1971).

After a hearing as provided for by § 72–13–38, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1971), the Commissioner entered his decision and order. Paragraph 5 of that decision and order, insofar as it is pertinent to this appeal, states:

"Claude B. Eaton has not shown that his receipts were the receipts of an *'employee' pursuant to G. R. Regulation 12.5–1*, effective December 5, 1969 . . ." [Emphasis added]

■ Eaton has challenged the Commissioner's decision and order as not being supported by substantial evidence and as being arbitrary. Without deciding the substantial evidence question, we hold the decision and order to be arbitrary.

The Commissioner concedes that the whole of the evidence presented at the hearing was not considered in determining whether Eaton was an employee or an independent contractor. He contends that under G. R. Regulation 12.5:1, "certain indicia will be used to determine whether a person is an employee for purposes of the exemption from gross receipts tax . . ."

G. R. Regulation 12.5:1, promulgated by the Commissioner as authorized in § 72–13–23, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1971), serves as the sole basis of the Commissioner's position. The regulation is:

"G. R. REGULATION 12.5:1—EMPLOYEE DEFINED—

"In determining whether a person is an employee, the Bureau will consider the following indicia:

"(1) is the person paid a wage or salary;

"(2) is the 'employer' required to withhold income tax from the person's wage or salary;

"(3) is F.I.C.A. tax required to be paid by the 'employer';

"(4) is the person covered by workmen's compensation insurance;

"(5) is the 'employer' required to make unemployment insurance contributions on the person;

"(6) does the person's 'employer' consider the person to be an employee;

"(7) does the person's 'employer' have a right to exercise control over the means of accomplishing a result or only over the result (control does not mean 'mere suggestion').

"If all of the indicia mentioned above are present, the Bureau will presume that the person is an employee. However, a person may be an employee even if one or more of the indicia are not present.

. . ."

The Commissioner argues further that evidence as to these "indicia" is not only all the evidence the Bureau of Revenue need consider but that such evidence is all that the Bureau is permitted to consider. We do not agree.

Section 72-13-38(G), supra, provides:

"G. In hearings before the commissioner or his delegate, the Rules of Civil Procedure shall not apply, but the hearing shall be conducted so that both complaints and defenses are amply and fairly presented. To this end, the commissioner or his delegate shall hear arguments, entertain and dispose of motions, require written expositions of the case as the circumstances justify, *and render a decision in accordance with the law and the evidence presented and admitted.*" [Emphasis added]

The record and the Commissioner's concession show that the Commissioner, before arriving at a decision, did not consider all of the evidence presented at the hearing but only that pertaining to the "indicia" under G. R. Regulation 12.5:1, supra. Therefore, we cannot say that the Commissioner would have reached the same conclusion had all of "the evidence presented and admitted" been considered, as required by § 72-13-38(G), supra.

The state has not given to the Commissioner of the Bureau of Revenue authority to catalogue which evidence shall be considered in determining a taxpayer's employment status. See NLRB v. Brown, 380 U.S. 278, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965). The rules governing the admissibility of evidence before administrative boards are frequently relaxed to expedite administrative procedure but the rules relating to weight, applicability or materiality of evidence are not thus limited. Ferguson-Steere Motor Co. v. State Corp. Comm., 63 N.M. 137, 314 P.2d 894 (1957).

The decision and order appealed from is reversed and the case remanded to the Commissioner of the Bureau of Revenue for a decision and order not inconsistent herewith.

It is so ordered.

WOOD, C. J., concurs.

HENDLEY, J., concur specially.

HENDLEY, Judge (specially concurring).

I concur in the opinion of the majority but believe it falls short of a complete answer.

Eaton states in his Brief in Chief that: ". . . Whatever presumptions exist in favor of the tax collector, Section 72-13-32(C), and whatever restrictions are ordinarily applied in the construction of exemptions, the tax payer is still entitled to a fair shake. . . . ." This raises the question of unfairness. We have held that unfairness is an issue which may properly be raised in an administrative proceeding. Brininstool v. New Mexico State Board of Education, 81 N.M. 319, 466 P.2d 885 (Ct. App.1970); Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970).

In light of the facts and discussion in the majority opinion, I would also hold that the conduct of the Commissioner amounted to unfairness.