608 P.2d 154

**Cecilia GARCIA, Appellant,**

v.

**NEW MEXICO HUMAN SERVICES DEPARTMENT, Appellee.**

**No. 3743.**

Court of Appeals of New Mexico.

May 29, 1979.

Ramon I. Garcia, Southern New Mexico Legal Services, Roswell, for appellant.

Jeff Bingaman, Atty. Gen., Gordon L. Bergman, Asst. Atty. Gen., Santa Fe, N. M., for appellee.

## OPINION

HENDLEY, Judge.

Appellant appeals from a decision of the Department of Human Services (HSD) denying her benefits under the Aid to Families with Dependent Children (AFDC) program.

We reverse.

Appellant applied for public assistance benefits under the AFDC program in which New Mexico participates. Section 27–2–6, N.M.S.A. 1978. Pursuant to § 27–2–6, supra, and § 27–1–3, N.M.S.A. 1978, HSD promulgated Regulation 221.722 which sets forth the eligibility requirements for AFDC benefits in New Mexico.

*221.722—CONTINUED ABSENCE FROM THE HOME OF ONE OR BOTH PARENTS*—Deprivation of parental support exists because of the continued absence from the home of one or both parents when the following factual circumstances are established:

A. the parent is out of the home; and

B. the nature of the absence either interrupts or terminates the parent's functioning as a provider of maintenance, physical care, or guidance for the child; and

C. the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support *or* care of the child.

After a fair hearing, HSD reaffirmed the County Office's denial on the grounds that the natural father of Ms. Garcia's four children, Mr. Romero, was frequently present in the home and provided guidance to the children. Romero and appellant had never been married nor had they lived together as husband and wife.

Section 27–3–4(F), N.M.S.A. 1978, delineates the standard of judicial review for administrative decisions of HSD.

Section 27–3–4(F). The court shall set aside a decision and order of the director only if found to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) not supported by substantial evidence in the record as a whole; or

(3) otherwise not in accordance with law.

The statutory standard is consistent with prior case law which limited the scope of review to whether the administrative decision was arbitrary, capricious and unsupported by substantial evidence. *Davis v. Dept. of Health and Social Services*, 84 N.M. 79, 499 P.2d 1001 (Ct.App.1972); *Silva v. Health & Social Services Dept.*, 84 N.M. 78, 499 P.2d 1000 (Ct.App.1972).

The decision of HSD in denying Ms. Garcia AFDC benefits was both arbitrary and capricious and not supported by substantial evidence. Arbitrary and capricious action by an administrative agency is evident "when it can be said that such action is unreasonable or does not have a rational basis . . . ." and ". . . is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the 'winnowing and sifting' process." *Olson v. Rothwell*, 28 Wis.2d 233, 137 N.W.2d 86 (1965). Substantial evidence in this context is predicated upon consideration of all evidence in the record as a whole, and not just that which supports the judgment as in other types of cases. *Silva*, supra.

As a condition of AFDC eligibility, Regulation 221.722 requires that one of the parents be continually absent from the home in addition to meeting the requirements of either subsections (A), (B) or (C). HSD found that, due to Mr. Romero's presence in the home and his contact with the children, they were not deprived of parental guidance. However, the decision does not clearly indicate that it was limited to subsection (B) and, therefore, a discussion of the entire regulation is necessary.

Subsection (A) provides that the parent be "out of the home." The record reflects that Ms. Garcia and Mr. Romero maintained completely separate households, although Mr. Romero frequently visited the Garcia residence. HSD stated at the fair hearing that "[w]e're not saying that he nor any absent father cannot visit the home . . [j]ust because he does not live in the home . . . ." While these statements demonstrate compliance with *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), which abolished the "man in the home rule," they also show that even the HSD considered Mr. Romero to be "out of the house" for AFDC purposes. Subsection (A) then cannot be used to sustain the decision of HSD.

Subsection (C) requires that the "absence precludes counting on the parent's performance of his function in planning for the present support . . . ." The record reflects on the one hand that Mr. Romero voluntarily contributed $50.00 per month for the support of his children. However, in viewing the record in its entirety the following testimony of Ms. Garcia's caseworker may also be considered:

> The amount that he does give as child support isn't that much, but we don't have the right to tell him how much to pay the children. The State is not supplementing the difference for the support of his children.
>
> . . . I asked her [Ms. Garcia] if she wanted to she could go talk to Child Support Unit to get this child support up higher than what it is so that she can be able to support the children. Mr. Romero does have a good job, and he is able to support with more money, but we can't enforce that.

The above testimony reflects that HSD believed the $50.00 per month to be inadequate and since the regulation requires support, the $50.00 obviously cannot be so construed. Moreover, the payments are voluntary and cannot be relied upon to continue. The decision of HSD then cannot be sustained under subsection (C).

Subsection (B) requires that the absence either interrupt or terminate the "parent's functioning as a provider of . . . guidance for the child." The record indicates that in April or May of 1978 Mr. Romero visited Ms. Garcia's home almost every other day. Ms. Garcia, in her application for assistance, stated that he was there at least every weekend. At the time of the hearing he had not been physically present in the home for quite some time, but he had regularly visited the children by parking his car up the street from the residence. Ms. Garcia had told her caseworker that Mr. Romero was there when the children needed him or were in trouble. He had bailed his oldest son out of jail and had lent him his car to apply for a job. He had maintained a long-standing relationship with his children and had had all their names legally changed to Romero.

Despite this, the record as a whole reflects that HSD failed to consider the other overwhelmingly negative facts about Mr. Romero of which it had knowledge. Ms. Garcia's caseworker testified that Mr. Romero had a drinking problem and she had advised Ms. Garcia not to let him into the house when he was in that condition. Ms. Garcia testified that her children told her that they wished their father would not come over. Her daughter does not like him and would not speak to him. The children speak to their mother when in trouble because Mr. Romero curses at and threatens them. He had previously threatened to shoot and beat up the eldest son and, in fact, did beat him up and kick him between the legs. He once hit his daughter in the face which ultimately resulted in her filing a complaint against him.

Ms. Garcia had spoken to her caseworker about these incidents. Her caseworker testified:

> Yes. She has talked to me several times about him and that's when I advised her not to let him in the house to file a complaint against him. Just because he does provide $50 a month does not mean that he will be given the right to visit the children. This is one of the reasons why I asked her to go through our Child Support Unit and get this changed through

the Child Support if the children are being abused. They can stop the visitation rights.

Given the knowledge of the HSD, it seems hypocritical at best that they would deny Ms. Garcia AFDC benefits on the grounds that Mr. Romero's abusive conduct provided the type of guidance contemplated by the regulation. The action of HSD under these circumstances is unreasonable, irrational and unconsidered. It appears that they ignored any evidence contrary or unfavorable to the original determination of ineligibility. The fair hearing was not a "winnowing and sifting" process, but instead an overt attempt at justification.

The action of the HSD in denying Ms. Garcia was arbitrary and capricious and not supported by substantial evidence considering the record as a whole. As such, the decision is reversed and remanded to HSD for action not inconsistent with this opinion.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.