653 P.2d 181

Sammy SAENZ, Appellant,

v.

NEW MEXICO DEPARTMENT OF HUMAN SERVICES, INCOME SUPPORT DIVISION, State of New Mexico, ex rel., HUMAN SERVICES DEPARTMENT, Appellee.

No. 5744.

Court of Appeals of New Mexico.

Oct. 19, 1982.

Manuel J. Lopez, Southern N.M. Legal Services, Las Cruces, for appellant.

Richard Shapiro, Asst. Atty. Gen., Legal Services Bureau, N.M. Dept. of Human Services, Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

The appellant (Saenz) appeals the decision of the New Mexico Department of Human Services (DHS), denying him general assistance benefits. We reverse.

The ultimate issue for us is whether the decision of DHS was arbitrary, capricious and not in accordance with law.

In order for us to decide this issue we must consider three points advanced by the plaintiff in his appeal. 1. The failure of DHS to consider certain relevant medical evidence. 2. The failure of DHS to comply with its own regulations. 3. Bias of the hearing officer approved by DHS.

FACTS

The Saenz applied for general assistance on a temporary basis, pursuant to Income Support Division (I.S.D.) Manual 241.612 on March 13, 1981. His application was based on temporary disability pending the outcome of his application for Social Security and SSI benefits. On September 22, 1981, the county office notified the appellant of the denial of his application because the Incapacity Review Unit (I.R.U.) found no disability. On October 21, 1981 the appellant applied for a Fair Hearing which was held on March 10, 1982. On April 6, 1982 the Hearing Officer recommended denial of the application for general assistance and, on the same day, the Fair Review Hearing Committee concurred with the Hearing Officer. On the same day the DHS made its final decision. The final decision reads as follows:

The Department was delinquent in not rendering a decision before the sixty (60) day time limitation, as per ISD Manual Section 217.00; however, eligibility for the General Assistance program is based on disability, and not until a conclusive decision could be reached concerning the client's purported disability could assistance be granted.

The medical reports submitted to the IRU by Dr. Bass and Dr. Stack indicate that the client's medical conditions are not disabling, and that the majority of the medical examins conducted, indicated normal and negative results.

The medical reports submitted by Dr. Bass and Dr. Stack indicate that the client is not disabled; therefore, IRU's decision to deny the client's application was correct.

Based on the DHS denial of the plaintiff's application for temporary assistance, this appeal followed.

We review the following sections of DHS regulations in order to help us with our conclusions: I.S.D. Manual § 241.612 provides as follows:

DETERMINATION OF TEMPORARY DISABILITY FOR GA WHEN AN SSI APPLICATION IS PENDING—Determination of whether an applicant for whom an SSI application is pending has a temporary disability is based on the physician's report received by the Division. If the physician's report shows that the client has a *temporary* disability as defined in Section 241.61, General Assistance may be provided for up to 11 consecutive months pending determination of eligibility for SSI benefits, provided all other GA eligibility conditions are met.

I.S.D. Manual § 241.61 defines "temporary disability" as follows:

TEMPORARY DISABILITY—To be eligible for GA, the person must have an impairment of a temporary nature which prevents him from doing any work within his competence.

An impairment which medical evidence indicates will be substantially alleviated or cured within 30 days of the date of application, will not be considered to meet the definition of disability.

Section 241.713 addresses the determination of disability and provides as follows:

A written report of a medical examination by a physician will be obtained by the County Office. * * *

The worker will prepare a medical-social summary on Form ISD 210A providing information about the chief health complaints the individual is experiencing; the physical and mental condition of the individual; and the work and personal situation status pertaining to the individual. The medical reports and social summary on Form ISD 210A will be submitted to the Incapacity Review Unit who will make the decision regarding the individual's disability.

Section 275.33 provides authority for decision-making following a hearing

The Division Director makes the final administrative decision on the information provided in a hearing. A Fair Hearings Review Committee reviews the information obtained through the hearing and makes recommendations to the Director. The Hearings Review Committee consists of three members appointed by the Director. No person who participated in the local decision being appealed will participate in a final administrative decision on such a case.

POINT I & II—FAILURE OF DHS TO CONSIDER CERTAIN MEDICAL EVIDENCE & FAILURE TO COMPLY WITH ITS OWN REGULATIONS.

At the Fair Hearing Saenz offered into evidence, and the hearing officer accepted, a medical report from one Dr. Preator and a United States Social Security decision in favor of Saenz. On October 7, 1981, the Social Security Administrative Law Judge found Saenz to be disabled. The finding was based upon Dr. Preator's report. Saenz contends that had DHS considered the evidence of Dr. Preator and the report of the Social Security Administrative Law Judge this probably would have been sufficient to establish that he was disabled.

DHS contends that the additional evidence could not be considered because it was not offered to the County Office at the time of the Saenz' original application for certification. DHS finally contends that its decision is supported by substantial evidence, because reports of Dr. Bass and Dr. Stack showed that Saenz was not disabled. The record indicates that the original application was denied based on Dr. Bass and Dr. Stack's reports.

We disagree with DHS. The issue is not substantiality of the medical evidence, but rather, Saenz' right to offer, and to have DHS consider, additional medical evidence at the Fair Hearing. Implicit in the consideration is whether DHS ultimately reviews the new evidence.

In two letters sent by the Hearing Officer, Saenz was told to immediately mail any documents that he wished to have considered at the hearing. Notwithstanding

Saenz' failure to immediately submit Dr. Preator's medical report, the Hearing Officer accepted the report into evidence during the Fair Hearing.

■ DHS's decision clearly shows that it was based on the recommendation of the I.R.U. An affidavit in the record shows that I.R.U. examined the reports of Doctors Bass and Stack and did not consult or consider the report of Dr. Preator. Therefore, in reaching its decision, DHS did not consider Dr. Preator's report, even though it was introduced and accepted into evidence during the Fair Hearing. Saenz claims that the Hearing Officer erred in not considering Dr. Preator's report. We agree.

Saenz further claims that because DHS made its decision without considering Dr. Preator's report, the decision is arbitrary, capricious, and not in accordance with law.

In *Garcia v. New Mexico Human Services Dept.,* 94 N.M. 178, 608 P.2d 154 (Ct.App. 1979) *rev'd* 94 N.M. 175, 608 P.2d 151 (1980), this court defined arbitrary and capricious action by an administrative agency as that " 'action [which] is unreasonable or does not have a rational basis * * *' and ' * * * is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the "winnowing and sifting" process.' " 94 N.M. at 179, 608 P.2d 154 (Citation omitted).

In *Hillman v. Health and Soc. Services Dept.,* 92 N.M. 480, 481, 590 P.2d 179 (Ct. App.1979), this court affirmed the long-standing principle that administrative agencies are bound by their own regulations. Section 241.713 of the I.S.D. Manual provides that the County Office will obtain a written report of a medical examination. In the case at bar, three medical examinations were performed. Section 241.713 further provides that medical reports will be submitted to the I.R.U. for determination of disability. In the instant case, only two of the three reports were forwarded to the I.R.U.

■ Moreover, in *Eaton v. Bureau of Revenue,* 84 N.M. 226, 501 P.2d 670 (Ct.App. 1972), a taxpayer challenged the tax com-missioner's decision, alleged that it was arbitrary and capricious because the commissioner did not consider all of the evidence presented at a hearing. This Court reversed the commissioner's ruling, stating that all evidence presented and admitted must be considered, and that state law did not give the agency authority to catalogue which evidence would be considered. 84 N.M. at 228, 501 P.2d 670. See I.S.D. Manual § 275.1 which states: "The Director of the Income Support Division shall review the record of the proceedings and shall make a decision, thereon." So that the ruling in *Eaton* not be misconstrued, however, we note that while "rules governing the admissibility of evidence before administrative boards are frequently relaxed to expedite administrative procedure * * * the rules relating to weight, applicability or materiality of evidence are not thus limited." *Id.* (Citing *Ferguson-Steere Motor Co. v. State Corp. Com'n.,* 63 N.M. 137, 314 P.2d 894 (1957)).

We conclude that DHS's decision which approved the recommendation of the Hearing Officer was arbitrary and capricious. DHS should have submitted the additional evidence to its I.R.U. Because the decision is arbitrary and capricious, it must be set aside. Section 27–3–4(F)(1), N.M.S.A.1978 (1982 Repl.Pamph.).

The last point raised by Saenz is the bias of the Hearing Officer.

■ We conclude that there was no bias, only a failure of the Hearing Officer and of the Fair Hearing Review Committee to perform their duties. The function of the Fair Hearing Review Committee is to review the information obtained through the hearing and to make recommendations to the Director of DHS, who makes the final decision. *See* I.S.D. Manual § 275.33. All of the information adduced at the hearing was not reviewed. For this reason we conclude that the decision of DHS should be overturned. The decision of DHS is reversed and the case is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

WOOD and DONNELLY, JJ., concur.