777 P.2d 386

**STATE of New Mexico, ex rel. Jay BATTERSHELL and Stuart Tapper, Petitioners–Appellants,**

v.

**CITY OF ALBUQUERQUE, et al., Respondents–Appellees.**

No. 10317.

Court of Appeals of New Mexico.

May 30, 1989.

Miguel P. Campos, Lorenzo E. Tapia, Law Offices of Tapia & Campos, Albuquerque, for petitioners-appellants.

James H. Foley, City Atty., Robert M. White, Paula I. Forney, Ass't City Attys., Albuquerque, for respondents-appellees.

## OPINION

DONNELLY, Judge.

Petitioners appeal from an order of the district court affirming the city of Albuquerque's denial of a conditional use permit. Three issues are raised on appeal: (1) whether the City failed to comply with the provisions of its Comprehensive City Zoning Code (Zoning Code), to accord petitioners requisite due process; (2) whether the decisions of the Environmental Planning Commission (EPC) and city council overturning the decision of the zoning hearing examiner were supported by substantial evidence; and (3) whether the ordinance authorizing the issuance of conditional use permits is unconstitutionally vague, violates petitioners' rights of equal protection and freedom of speech. We find the first issue dispositive and reverse and remand.

Petitioner Battershell for a number of years operated an adult bookstore located on San Mateo Boulevard in Albuquerque. In 1981, the City enacted an ordinance requiring adult bookstores to relocate from certain areas and establishing restrictive criteria for the location and operation of such businesses.

In 1986, petitioners purchased an unimproved half-acre tract on Montano Road for reestablishment of their store. The tract is within the city limits and is bounded on the north by Montano Road, on the east by a frontage road off the I-25 freeway, and on the south and west by vacant land. After acquiring the property, petitioners filed an application with the City for issuance of a conditional use permit to operate an adult bookstore on their property. The site upon which petitioners sought to relocate their business was zoned M-2, and designated as a heavy manufacturing zone. On March 12, 1986, after public notice, a hearing was held by a zoning hearing examiner on petitioners' application. In May 1986 the examiner approved the application for the conditional use permit and determined that the application met the requirements of the Zoning Code and that the business would not be injurious to adjacent property, the neighborhood, or the community.

The decision of the zoning hearing examiner was appealed to the City Environmental Planning Commission (EPC) by a number of individuals and entities. At the hearing before the EPC, petitioners objected to the presentation of testimony by those appellants who had not previously entered their appearance as parties below. Additionally, petitioners objected to the presentation of testimony on behalf of Pacific Realty Company, who had been a party before the zoning hearing examiner but failed to perfect its right to appeal. The EPC denied petitioners' objections.

During the presentation of evidence before the EPC petitioners requested the right to cross-examine witnesses who testified against their application. This request was denied. At the conclusion of the hearing the EPC voted to overturn the decision of the hearing examiner and to deny petitioners' request for a conditional use permit. Petitioners then perfected an appeal to the city council. The council voted not to hear the appeal as a whole and referred the matter to its Land Use Planning and Zoning Committee. The committee reviewed the appeal on the record and heard additional testimony and arguments. Following the hearing the committee recommended to the city council that it affirm the denial of a conditional use permit and overturn the decision of the zoning hearing examiner. On October 20, 1986, the city council adopted the report of the committee and denied petitioners' appeal.

Thereafter, petitioners filed an application for writ of certiorari in the district court. On September 30, 1987, the district court adopted findings of fact and conclusions of law and entered its order dismissing petitioners' appeal and quashing the writ of certiorari.

REQUIREMENTS OF DUE PROCESS

Petitioners contend the decisions of the EPC and the city council were not supported by substantial competent evidence, that hearings before the EPC and city council were arbitrary and capricious in that they were based upon inadmissible evidence, that the procedures utilized by the EPC and city council did not comply with the zoning ordinances, and that the actions of the city substantially deprived petitioners of due process of law.

At the hearing before the EPC, petitioners inquired whether the appeal would be limited to a review of the record or whether the hearing would be de novo. The EPC ruled that the matter would be heard de novo. Petitioners then objected to the presentation of testimony of any persons who had not been parties at the hearing before the zoning hearing examiner, the consideration of matters which were outside the issues raised on appeal by appellants, the declaration by the EPC chairman that the commission would not consider any objections to testimony, would not permit cross-examination, and that the commission would consider hearsay evidence. Each of petitioners' objections on these issues was overruled and at the conclusion of the hear-

ing the EPC voted to reverse the decision of the zoning hearing examiner and to deny petitioners' request for issuance of a conditional use permit.

The City urges that the decision of the council denying petitioners' application for a conditional use permit be affirmed, contending that the council's decision was supported by substantial evidence and that petitioners were not denied due process of law. The City also argues that petitioners' contentions on these issues should not be reviewed on appeal because they were not adequately raised in petitioners' docketing statement. We have examined the docketing statement and find the docketing statement sufficiently identified and preserved each of the issues raised by petitioners on appeal.

We first look to petitioners' claims that the procedures employed by the EPC and the city council in processing their application and appeal were contrary to the zoning ordinance and denied them due process of law.

The Zoning Code adopted by the City of Albuquerque does not expressly designate any zone wherein an adult bookstore may be established as a matter of right. Instead, the operation of such new businesses are authorized only after an applicant obtains city approval for a conditional use in areas zoned C–2, C–3, IP, M–1 or M–2. Under the Zoning Code in order to establish an adult bookstore in a zone where a conditional use is authorized, the applicant must apply for and obtain a conditional use permit. § 42.A.

Section 42.B. of the Zoning Code specifies that applicants seeking authorization for a conditional use permit shall, among other things, make application and pay a fee. Thereafter, the planning director is required to publish notice of a public hearing. The ordinance also provides that at the hearing before the zoning hearing examiner the parties "shall be afforded an opportunity to present evidence and argument *and to question witnesses on all relevant issues* * * * * " § 42.B.7 (emphasis added). Under the ordinance a record is required to be made of the hearing and a zoning hearing examiner is required to issue a decision within 15 days following the hearing and adopt "key findings of fact." *Id.* The ordinance provides that a conditional use permit shall be permitted if the City determines that the use will "not be injurious to adjacent property, the neighborhood, or the community." § 42.C.1.a.

Appeals from decisions of a zoning hearing examiner to the city planning commission are expressly permitted under the ordinance. § 45.A.1. The code further provides that all zoning decisions by the EPC are final unless a further appeal to the city council is filed within 15 days of the commission's decision. § 45.B. Section 45.C., additionally provides:

1. The City Council, after a preliminary hearing by the full Council or committee of the Council to allow review and consideration of the appeal record, may decline to further hear an appeal. . . . If it decides that there is substantial reason to believe that all such City plans, policies, and ordinances may have not been properly followed or are inadequate, it shall hear the appeal * * * *

2. By the affirmative vote of the majority of all its members, the City Council may remand an appeal to the Planning Commission or Landmarks and Urban Conservation Commission for rehearing and decision if it finds that rehearing would be likely to serve public policy and resolve the appeal.

   If the Council remands the appeal to the Planning Commission, it shall state key findings of fact on which that action is based.

3. The Planning Commission shall hold a public hearing and make a decision relative to all appeals sent to it initially or remanded to it by the City Council.

Section 45.E.1 of the ordinance requires that the planning commission shall hold a public hearing and "[t]his hearing shall review carefully the previous decisions on the matter."

 The Zoning Code, although providing for a right of direct administrative

appeal from a decision of a zoning hearing examiner to the City EPC, does not expressly refer to the right to a de novo administrative hearing before the planning commission. § 45. We interpret the provisions of Section 45.C. and E. as authorizing a de novo appeal before the EPC. The requirement contained in Section 45.C. and E. of the ordinance that the EPC shall hold a public hearing, we conclude, evinces legislative intent that the EPC act on the basis of evidence introduced at the public hearing and on the evidence contained in the record taken before the zoning hearing examiner. *See Heath v. Mayor & City Council of Baltimore,* 187 Md. 296, 49 A.2d 799 (1946). As observed in 8A E. McQuillin, *The Law of Municipal Corporations,* Section 25.263, at 318 (L. Zajdel 3rd ed.1986):

> [I]t is the duty of the [zoning] board to require a proper public hearing, which ordinarily is in the nature of a de novo proceeding. Such hearing must be basically fair and impartial, and * * * the board may not refuse arbitrarily to receive and consider material evidence on the issues being tried. The board is required to apply rules and regulations lawfully adopted by it equally and fairly to all persons properly before it. [Footnotes omitted.]

Additionally, a reviewing court may, where appropriate, accord substantial weight to the interpretation given a statute or regulation by a body charged with administering such law. *Tsosie v. Califano,* 651 F.2d 719 (10th Cir.1981). Petitioners assert that, even if a right of de novo appeal is recognized, the EPC was required to accord them the same rights that the parties had before the zoning hearing examiner. We agree.

■ The hearings before the zoning hearing examiner and the de novo hearing before the EPC were quasi judicial in nature. *See Heath v. Mayor & City Council of Baltimore; see also* 8A E. McQuillin, *supra,* § 25.263, at 318. *Cf. Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 95 N.M. 401, 622 P.2d 709 (Ct.App.1980) (administrative hearings which investigate facts, weigh evidence, draw conclusions as a basis for official action, and exercise discretion of a judicial nature, are quasi judicial in nature).

■ In conducting quasi judicial hearings an administrative body is not required to observe the same evidentiary standards applied by a court, nevertheless administrative adjudicatory proceedings involving substantial rights of an applicant must adhere to fundamental principles of justice and procedural due process. *See Board of Educ. of Melrose Mun. Schools v. New Mexico State Bd. of Educ.,* 106 N.M. 129, 740 P.2d 123 (Ct.App.1987); *Saenz v. New Mexico Dep't of Human Servs.,* 98 N.M. 805, 653 P.2d 181 (Ct.App.1982). In administrative proceedings due process is flexible in nature and may adhere to such requisite procedural protections as the particular situation demands. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Section 45.C.1 authorizes the city council or its committees to "place reasonable limitations on appeal hearings at the beginning of the hearing in question."

■ It was error for the EPC to refuse to permit petitioners reasonable cross-examination of witnesses opposing their application. *See Dietrich v. District of Columbia Bd. of Zoning Adjustment,* 293 A.2d 470 (D.C.App.1972) (parties in a zoning appeal have a right to cross-examine witnesses offered by an adversary). *See generally* Annotation, *Right to Cross-Examination of Witnesses in Hearings Before Administrative Zoning Authorities,* 27 A.L.R.3d 1304 (1969). *Cf. Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 101 N.M. 301, 681 P.2d 727 (Ct.App.1983), *rev'd on other grounds,* 101 N.M. 291, 681 P.2d 717 (1984) (holding that due process rights are not violated where a party's decision not to cross-examine witnesses stemmed from a tactical decision rather than procedural inhibition). Section 42.B.7 of the Zoning Code provides that in hearings before the zoning hearing examiner "[a] party shall be afforded an opportunity to present evidence and argument *and to question witnesses on all relevant issues,* but the * * * Examiner may impose

reasonable limitations on the number of witnesses heard, and on the nature and length of their testimony and questioning." (Emphasis added.)

The ordinance authorizing the taking of an administrative appeal to the EPC is devoid of any indication that parties to a de novo appeal before the EPC will have less rights than those provided for hearings before a zoning hearing examiner. In construing ordinances, like the construction of statutes, a court must ascertain and give effect to the intention of the enacting authority. *Burroughs v. Board of County Comm'rs*, 88 N.M. 303, 540 P.2d 233 (1975). We construe the zoning ordinance as a whole so as to discern the statutory purpose. *Id.* Viewing the ordinance in its entirety we conclude that the City in adopting its comprehensive zoning ordinance intended that parties to an appeal from a decision of a zoning hearing examiner are entitled to the same procedural rights which are accorded to parties at the initial hearing before a zoning hearing examiner. Any other interpretation would foster the incongruous result of encouraging additional administrative appeals.

■ The EPC also erred in failing to require that witnesses appearing at the de novo appeal hearing be sworn. *See* SCRA 1986, 11–603; 8A E. McQuillin, *supra,* § 25.266. In 8A E. McQuillin, *supra,* Section 25.266, at 330, it is observed that courts which have considered this issue are not unanimous, however:

> [T]he general rule with respect to [zoning] hearings [is] that witnesses should be sworn, and their testimony taken only on oath, unless the administration of the oath to witnesses has been waived. It has been ruled that it is not discretionary but obligatory for all witnesses appearing before a zoning board of appeals to be sworn ... and quasi-judicial bodies authorized to administer oaths to witnesses are required to exercise their authority so to do. [Footnotes omitted.]

*See Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 101 N.M. at 307–08, 681 P.2d at 733–34 (witnesses at administrative hearings should be sworn).

Petitioners also objected to the standing of certain protestors who appeared at the de novo appeal hearing conducted by the EPC and to participation in the de novo appeal by some individuals and entities that failed to perfect an appeal. The EPC overruled these objections. Section 42.B.6. of the Zoning Code specifies who may qualify as parties to a hearing before a zoning hearing examiner, and provides that parties shall include the applicant, or his agent, an owner of property located within 100 feet of the application site, an organized neighborhood association which has adopted bylaws and which includes the area affected, or land within 100 feet thereof, and other persons, or organizations that have paid a fee and filed a request to receive notices of zoning changes.

■ The Zoning Code further provides that parties to a zoning hearing shall include "[a] person who [has] satisfied the Zoning Hearing Examiner that he has a significant interest in the subject matter of the hearing." § 42.B.6.c. Section 45.B. of the ordinance provides that decisions of a zoning hearing examiner are "final unless appeal is initiated by application to the City on prescribed forms within 15 days of the decision." We interpret this language as precluding participation in a de novo appeal before the EPC by any parties except those who entered their appearances at the hearing before the zoning hearing examiner and filed a timely appeal. Thus, evidence at the EPC hearing offered by parties not found to have a right to participate in the appeal was improper, and evidence offered at such hearings should be limited to parties properly appearing before the EPC.

The City, relying upon *Donnelly Associates v. District of Columbia Historic Preservation Review Board,* 520 A.2d 270 (D.C. App.1987), argues that the applicable city ordinance and procedures accorded to petitioners before the EPC and city council fulfilled requisite procedural due process. *Donnelly* is not controlling as to the due process issues raised by petitioners in the present case, however, because the provisions of the Zoning Code are dispositive

and the City failed to comply with the procedural rights recognized therein.

Because the appeal before the EPC herein was a quasi judicial proceeding and was not conducted in accordance with the zoning ordinance adopted by the City, failed to accord due process as observed above, and because the ruling of the City and district court were based upon evidence improperly presented before the EPC, the decision of the district court and City must be reversed and the cause remanded to the district court and the city council for a new hearing consistent with the requirements of the City zoning ordinance and this opinion.

In view of our disposition of this issue it is not necessary to address petitioners' other issues raised on appeal. Oral argument is unnecessary. Petitioners' request for oral argument is denied. *See Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

CHAVEZ, J., concurs.

HARTZ, J., specially concurs.

HARTZ, Judge (specially concurring).

I concur in the result and join the majority opinion's discussion of its holdings that an appeal to the EPC is a de novo hearing, that witnesses at hearings before the EPC must be sworn, and that certain protestors did not have standing at the hearing before the EPC in this case.

Also, I agree with the majority that the EPC should not have considered testimony of witnesses who were not subject to cross-examination. My disagreement with the majority is that I would not rest the right of cross-examination on the constitutional right to due process. We should refrain from reaching constitutional questions unnecessarily. *See Huey v. Lente,* 85 N.M. 597, 514 P.2d 1093 (1973). I would read the Zoning Code as requiring cross-examination in the circumstances of this case.

It appears to be customary practice in the United States to permit cross-examination at hearings before zoning agencies.

*See* Annotation, *Right to Cross–Examination of Witnesses in Hearings Before Administrative Zoning Authorities,* 27 A.L.R.3d 1304 (1969). This right to cross-examination sometimes is based on constitutional considerations or explicit statutory language, but it is also considered to be implicit in the grant of a right to a public hearing. *See id.* As stated in *E & E Hauling, Inc. v. County of DuPage,* 77 Ill.App.3d 1017, 33 Ill.Dec. 536, 396 N.E.2d 1260, 1263 (1979): "The general rule is well established that a 'public hearing before any tribunal or body' means 'the right to appear and give evidence and also the right to hear and examine the witnesses whose testimony is presented by opposing parties.'" (Quoting *Braden v. Much,* 403 Ill. 507, 513, 87 N.E.2d 620, 623 (1949)).

Thus, the right to cross-examination follows from Section 45.C.3. of the Zoning Code, which states: "The Planning Commission shall hold a public hearing and make a decision relative to all appeals sent to it initially or remanded to it by the City Council." Section 45.E.1. also provides for a public hearing on appeals to the EPC. The conclusion that the Zoning Code provides a right to cross-examination is buttressed by Section 42.B.7. That section provides that in hearings before a zoning hearing examiner "[a] party shall be afforded an opportunity to present evidence and argument *and to question witnesses on all relevant issues* * * * *"* (Emphasis added.) The natural interpretation of this language is that the parties can question adverse witnesses as well as those they call. Nothing in the Zoning Code suggests that parties to a de novo appeal before the EPC have less of a right to question witnesses than they have in hearings before a zoning hearing examiner. Indeed, the need for reliable evidence is at least as great before the EPC as it is before the hearing examiner. Therefore, Section 42.-B.7. should apply to de novo hearings before the EPC.

Although Section 42.B.7. states, "[e]xaminer may impose reasonable limitations on the number of witnesses heard, and on the

nature and length of their testimony and questioning," there could be no contention that the restrictions in this case were reasonable. Absolutely no cross-examination was permitted at the EPC hearing, despite the clear utility of such questioning. In sum, the testimony offered by the protestants at the EPC hearing was inadmissible because of the failure to permit cross-examination of the witnesses.