This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MELVIN VINCE MOFFITT,**

Petitioner-Appellant,

**vs.**                                                        **NO. 29,936**

**MOTOR VEHICLE DIVISION, DEPARTMENT OF TAXATION AND REVENUE, STATE OF NEW MEXICO, KEN ORTIZ, DIRECTOR,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Titus & Murphy Law Firm
Victor A. Titus
Farmington, NM

for Appellant

Taxation and Revenue Department
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Moffitt appeals from the decision of the district court on appeal from a driver's license revocation. His sole issue in the district court and on appeal is that he did not get proper notice of the license revocation hearing. We proposed to affirm the district court's determination that he had been given notice of the hearing. Moffitt has timely responded. We have considered his arguments and affirm.

In our notice, we proposed to conclude that even though Moffitt did not actually receive the notice of the hearing, he had been given adequate notice. In so doing, we relied on *Maso v. Taxation & Revenue Dep't*, 2004-NMSC-028, ¶ 10, 136 N.M. 161, 96 P.3d 286. Moffitt contends that this Court is ignoring established New Mexico authority stating that certified mail can only show good notice if it is picked up. *Moya v. United States*, 35 F.3d 501 (10th Cir. 1994). We have no intent to overrule *Moya*, but find that it has no relevance in this case. The issue is not whether Moffitt received actual notice of the hearing, but whether the administrative agency took reasonable measures with regard to notice such as would, under all the circumstances, reasonably apprise interested parties of the pendency of an action. The fact that the certified mail was never picked up is relevant only if Moffitt must receive actual notice. Moffitt

ignores our cases stating that actual notice is not required in administrative license revocation hearings.

We are required to consider whether the actions taken by the Motor Vehicle Division were reasonably calculated to provide notice of the revocation hearing. As we pointed out in our calendar notice, notice of the hearing was sent by certified mail to Moffitt's counsel. Counsel received the notice and requested a continuance, which was granted. The hearing was reset and once again, the Division sent notice of the hearing by certified mail to Moffitt's counsel. This time, however, it was never picked up. That fact does not mean that the Division failed to give reasonable notice of the hearing.

Moffitt contends that the "hysteria" surrounding driving while intoxicated is depriving people of basic due process. We reject Moffitt's broad assertion. We have recognized that due process does apply in such hearings. However, "[I]n administrative proceedings due process is flexible in nature and may adhere to such requisite procedural protections as the particular situation demands." *State ex rel. Battershell v. City of Albuquerque*, 108 N.M. 658, 662, 777 P.2d 386, 390 (Ct. App. 1989). We conclude that the Division did what was needed under the circumstances to notify Moffitt of the hearing.

Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**