Venita TSOSIE, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–1142.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 21, 1980.

Decided June 19, 1981.

Timothy V. Flynn-O'Brien, Shiprock, N. M. (Judy A. Flynn-O'Brien, Shiprock, N. M., with him, on brief), for plaintiff-appellant.

Robert Varnum, Atty., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., R. E. Thompson, U. S. Atty., Albuquerque, N. M., and William Kanter, Atty., Dept. of Justice, Washington, D. C., with him, on brief), for defendant-appellee.

Before DOYLE, BREITENSTEIN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Plaintiff Venita Tsosie has appealed the decision of the Secretary of Health, Education and Welfare that she is ineligible for Supplemental Security Income (SSI) pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as incorporated by section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3). The district court affirmed the Secretary's decision without opinion. We reverse.

## I.

Mrs. Tsosie is the disabled widow of a veteran, living with five of her nine children. She received a surviving spouse pension from the Veterans' Administration (VA) of $227 a month, which includes $118 per month because of the five children in her custody. If Tsosie had lived alone, without her children, she would have been eligible for a total of $109 a month. It is undisputed that Tsosie uses the additional funds to meet the needs of her children.

Prior to 1977, Tsosie also received SSI benefits because of her disability. SSI is a federal income maintenance program administered by the Social Security Administration (SSA). See 42 U.S.C. § 1381 et seq. Persons are eligible for SSI benefits if they are aged, blind, or disabled and if their income and resources fall below certain specified levels. See Id. § 1382(a), (b), (c).

In January 1977, the SSA terminated Tsosie's SSI benefits on the ground that she had income in excess of the then existing statutory limit of $167.80 per month. The SSA calculated Tsosie's monthly income to be $254,[1] a figure which included the entire

---

1. This sum consisted of the $227 per month from the Veterans' Administration pension and $47 per month in Social Security widow's benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., less the $20 per month

VA surviving spouse pension received by Tsosie.

Tsosie requested and received reconsideration by the SSA of its decision to terminate her SSI benefits,[2] but her claim was denied. At her hearing before an Administrative Law Judge, she argued that the $118 in VA pension benefits she received because she has children in her custody should be counted as her children's income, rather than her own. If the $118 had not been treated as hers, her income would have been below the statutory limit and she would have remained eligible for SSI benefits.[3] The Administrative Law Judge held that the entire VA pension was countable as her income and that Tsosie was not eligible for further SSI benefits due to excessive income. This decision became the final decision of the Secretary, affirmed by the district court.

## II.

The sole issue in this case is whether the SSA may properly count the portion of the VA surviving spouse pension Tsosie receives on account of her children as income to her

exclusion provided under 42 U.S.C. § 1382a(b)(2).

2. The SSA also assessed an overpayment for benefits previously received. This was subsequently waived, however, so it is not an issue in this case.

3. Under plaintiff's theory, she was entitled to $31.80 per month in SSI benefits at the time the SSA deemed her ineligible for further benefits. The $31.80 figure is calculated by subtracting the $109 in VA benefits Tsosie concedes is her income and the $47 in widow's benefits from the statutory limit of $167.80, after allowing for the $20 exclusion. Tsosie claims she is currently entitled to $53.50 per month because the statutory limit has been raised to $189.50 a month. Brief for Appellant at 4 n.1. In addition, Tsosie points out that under New Mexico law, the loss of SSI benefits results in the loss of automatic medicaid coverage. See id.

4. The issue in this case is to be distinguished from the one present in *Hammond v. Secretary of Health, Education, and Welfare*, 646 F.2d 455 (10th Cir. 1981). There the question was whether the income of a stepfather is to be attributed to a minor child in determining the *child's* eligibility for SSI benefits. Income of a parent is attributed to the child "whether or

in determining her eligibility for SSI benefits.[4] Tsosie claims that to attribute the portion of the VA pension paid to her because of her children violates both the letter and the spirit of the Veterans' Benefits Act, 38 U.S.C. § 101 et seq., defeats the purpose of the Social Security Act, and constitutes a denial of equal protection.[5]

The Secretary responds that the language of the Veterans' Benefits Act and accompanying regulations indicates that money paid to a surviving spouse on account of children is intended to be the spouse's income, not the children's. The Secretary notes that 38 U.S.C. § 541 refers to a pension "to the surviving spouse," not to the child; that although the VA does provide for apportionment or direct payment to the child, it does so only when the child is not in the surviving spouse's custody, see 38 C.F.R. § 3.450(a)(2), or when there is no surviving spouse, see 38 U.S.C. § 542; and that there is no sanction or penalty requiring a surviving spouse to use any part of the pension on behalf of the spouse's children. Accordingly, the Secretary asserts that the entire pension is to be treated as Tsosie's "income" under the Social Security Act, because it is

not such income is available to the child." 20 C.F.R. § 416.1185(b). Here the question is whether money paid to a surviving spouse on account of her children is to be attributed to the surviving spouse in determining the *spouse's* eligibility for SSI benefits. Income is attributed to a surviving spouse only if it is "actually available" to the individual. 20 C.F.R. § 416.1120.

5. Tsosie bases her equal protection argument on the fact that the SSA does apportion benefits received by a parent under the Aid to Families with Dependent Children (AFDC) program, 42 U.S.C. § 601 et seq. In determining an AFDC parent's eligibility for SSI, the Secretary counts as the parent's income only the portion of the AFDC check attributable to the parent. Tsosie claims that the different treatment of AFDC income and VA pension income irrationally discriminates against widows and children who receiving VA pensions. Since we can dispose of Tsosie's claim on other grounds, we do not reach the constitutional issue. See *United States v. Clark*, 445 U.S. 23, 27, 100 S.Ct. 895, 899, 63 L.Ed.2d 171 (1980); *Califano v. Yamasaki*, 442 U.S. 682, 692–93, 99 S.Ct. 2545, 2553, 61 L.Ed.2d 176 (1979).

money "actually available" to her. *See* 20 C.F.R. §§ 416.1102, .1120.[6] Moreover, the Secretary asserts that we must give his interpretation a strong presumption of validity because great deference is to be accorded an administrative agency's interpretation of its own regulations.

■■■ We agree with the principle that a court should accord substantial weight to the interpretation given a statute or regulation by the agency charged with administering it. *See Miller v. Youakim,* 440 U.S. 125, 144, 99 S.Ct. 957, 969, 59 L.Ed.2d 194 (1979); *Board of Directors & Officers, Forbes Federal Credit Union v. National Credit Union Administration,* 477 F.2d 777, 784 (10th Cir. 1973). But this principle has limited application here. The Secretary's determination that Tsosie's entire VA pension is to be treated as her income under the Social Security Act turns almost completely on his reading of the Veterans' Benefits Act and VA regulations. The Secretary's construction is not entitled to special deference to the extent it rests on the interpretation of another agency's statutes and regulations.

■ We find the Secretary's interpretation unduly legalistic and technical. It relies on the literal meaning of isolated phrases. Little weight is given to the purpose and spirit of the voluminous rules from which the phrases have been lifted. The Secretary is like one who listens to music for individual notes rather than for the melody: he misses the theme.

It is evident the Veterans' Benefits Act intends that the money sent a surviving spouse on account of children in the spouse's custody be spent on the children. Under 38 U.S.C. § 541, the amount the surviving spouse receives increases with each additional child in the spouse's custody. If the spouse becomes ineligible for pension payments because of excess income, the child's portion still continues to be paid. *See* 38 C.F.R. § 3.257. If the child is not in the surviving spouse's custody, the pension otherwise payable to the spouse may be apportioned. 38 U.S.C. § 3107(b); 38 C.F.R. § 3.450(a)(2). Thus, the whole statutory scheme is structured so as to increase the spouse's pension income according to the number of children in his or her custody. There would be no reason for doing so if the extra money were not to be spent on the children's behalf.

Even though the entire pension is generally "paid to the surviving spouse" when the children are in the spouse's custody, 38 U.S.C. § 541(b), (c), we do not agree with the Secretary's contention that this means the spouse is free to spend the children's portion of the pension payment however the spouse chooses. While "[t]he additional benefits for such dependents will be paid to the ... widow," they are "*for* such dependents." 38 C.F.R. § 3.450(c) (emphasis added). 38 U.S.C. § 543(a)(2) provides that when the corpus of a "child's estate is such that under all the circumstances ... it is reasonable that some part of the corpus of the child's estate be *consumed for the child's maintenance*," the additional pension benefits paid the surviving spouse on account of the child are to be denied or discontinued. (Emphasis added). Analogously, the regulations provide that amounts payable to a surviving spouse for a child in his custody but residing with someone else may be apportioned if the surviving spouse "*is not reasonably contributing to the child's support.*" 38 C.F.R. § 3.450(e) (emphasis added). The regulations also state that "[n]o apportionment will be made where the ... widow ... *is providing* for dependents." *Id.* § 3.450(c) (emphasis added). By negative implication, apportion-

---

**6.** The Secretary has defined "income" in 20 C.F.R. § 416.1102:

"(a) *Meaning of income.* The term 'income' for purposes of title XVI means the receipt by an individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs for food, clothing, and shelter."

The regulations further state:

"In determining the amount of unearned income the amount actually available to the individual is considered."

20 C.F.R. § 416.1120.

 

ment will occur where the surviving spouse is failing to provide for the dependents. More specifically, the VA regulations provide:

> "Without regard to any other provision regarding apportionment where hardship is shown to exist, pension ... may be specially apportioned between ... the widow and children on the basis of the facts in the individual case ...."

*Id.* § 3.451. Thus, if the surviving spouse creates hardship by failing to care for the children, the spouse's pension is subject to apportionment.

Congress may have chosen to pay both the children's and the parent's share to the parent for reasons of administrative convenience, with subsequent apportionment if hardship results. Since the surviving spouse is presumably the person providing for the needs of the children in the spouse's custody, it is simpler to send the money directly to the parent. Moreover, the assumption underlying the Veterans' Benefits Act may be that children are not mature enough to determine how to wisely utilize their pension benefits. The VA regulations do provide for payment to the child when he or she reaches the age of majority. *See id.* § 3.403.

Since the structure of the Veterans' Benefits Act and regulations indicates that the children's portion of a surviving spouse's pension check is intended for the children's needs, it is not consonant with the purpose of either the Veterans' Benefits Act or the Social Security Act to treat those funds as the spouse's income. The payee of the check should not be determinative. If the money is to be used for the children, it is not the spouse's income, for it is not money "which he can apply ... to meeting his basic needs for food, clothing, and shelter." 20 C.F.R. § 416.1102(a). Nor is it "actually available" in any meaningful sense. *Id.* § 416.1120.

The Sixth Circuit has agreed with the conclusion we reach here. *See Webster v. Califano*, No. 78–3492 (6th Cir. July 10, 1980) (order affirming No. C–1–77–152

(S.D.Ohio June 12, 1978)). We prefer this construction to the "overly legalistic interpretation" adopted by the Ninth Circuit. *Whaley v. Harris*, 641 F.2d 775 at 778 (9th Cir. 1981) (Hug, J., dissenting). Our interpretation will result in consistent treatment of VA and AFDC benefits by the SSA.[7] It also comports with the basic purpose of the Social Security Act: aiding the very needy. As we stated in *Rasmussen v. Gardner*, 374 F.2d 589, 594 (10th Cir. 1967), "[t]he congressional policy underlying federal social security legislation requires the courts to interpret the Act liberally, and any doubts should be resolved in favor of coverage."

Accordingly, the judgment of the district court is reversed.