**Lula CARTER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services of the United States, Defendant.**

**Civ. No. 81–2016.**

United States District Court, E.D. New York.

Nov. 8, 1983.

Community Legal Assistance Corp., Hempstead, N.Y., by Alice Morey, for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Beryl R. Jones, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM & ORDER

PLATT, District Judge.

Plaintiff, Lula Carter, challenges the determination of the Secretary of Health and Human Services that her Supplemental Security Income ("SSI") benefits be suspended for the first quarter of 1980.

### FACTS

Plaintiff is a sixty-three year old woman who applied for Social Security Disability Insurance ("Disability") and SSI on October 4, 1978. Her application was denied initially but on November 14, 1979, after a hearing, an Administrative Law Judge found plaintiff to have been disabled as of September 22, 1978. Plaintiff was thus entitled to retroactive Disability and SSI benefits. She received a lump sum Disability payment on January 17, 1980. The lump sum SSI payment went to the New York City Department of Social Services, to reimburse them for providing plaintiff with public assistance while her Disability claim was pending.

Plaintiff spent at least $1400.00 of her Disability lump sum payment discharging debts incurred during the time her Disability application was pending. (Tr. at 63–67). Nonetheless, plaintiff was informed in January of 1980 that receipt of the Disability lump sum payment caused her unearned income for the quarter to exceed the statutory maximum, and that she would therefore receive no SSI benefits for the first quarter of 1980, although she would continue to receive her Disability benefits for that period.

### DISCUSSION

SSI is a needs based benefits program designed by Congress to insure a basic level of benefits to the aged, blind and disabled. See generally H.R.Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin.News pp. 4989, 5132–38. Towards this end, eligibility for SSI benefits is determined by calculating an applicant's quarterly income and resources, and comparing these with the statutory level SSI is designed to maintain. SSI payments make up the shortfall, if any.

In this case the Secretary considered plaintiff's entire lump sum Disability payment to be unearned income for the first quarter of 1980. When so considered, plaintiff's quarterly income was above the statutory minimum and thus SSI payments were suspended for that quarter.

The Secretary does not dispute that plaintiff incurred debts while awaiting the disposition of her Disability application. Nor does she dispute that plaintiff paid these debts out of her lump sum Disability payment. The Secretary, however, argues that the entire amount of plaintiff's lump sum payment was available for living expenses during the quarter when received. We think that the Secretary's regulations, and the cases thereunder, prevent the Secretary from considering this plaintiff's entire lump sum Disability payment when calculating her eligibility for SSI.

The Secretary's regulations state that "In determining the amount of unearned income, the amount actually avail-

able to the individual is considered. The gross amount is reduced by any ordinary and necessary expenses incurred in getting or receiving the unearned income." 20 C.F.R. § 416.1120 (1980).[1] While the second sentence would appear to limit those deductions permissible to items such as attorneys fees or filing fees, we do not think that the regulation should be read so narrowly.

Courts have consistently held that in computing unearned income the Secretary cannot consider funds which are not actually available to the beneficiary.

In *Jackson v. Schweiker*, 683 F.2d 1076 (7th Cir.1982), the Secretary terminated SSI benefits to a claimant who lived with her sister, because the claimant paid her sister a below market rate of rent. The Secretary considered the difference between the rate paid and the market rate to be income to the claimant and when this imputed income was considered, claimant had income over the statutory minimum. The Court rejected the Secretary's interpretation of his own regulations as unrealistic, and held that he should have considered whether the claimants receipt of the cheap housing had in some way increased the claimant's purchasing power, so that this unearned income was actually "available to purchase necessities of life other than shelter" 683 F.2d at 1084. Where claimant was already paying 77% of her benefits in shelter costs, the fact that she was getting a good deal on the rent from her sister did not free up any income for other necessities of life. *Accord, Tsosie v. Califano*, 651 F.2d 719,

723 (10th Cir.1981); *Rosenfeld v. Secretary*, 563 F.Supp. 1192, 1195 (EDNY 1983). *But see Usher v. Schweiker*, 666 F.2d 652 (1st Cir.1981).

In this case the Secretary's initial denial of plaintiff's Disability claim caused plaintiff to go without benefits for approximately 14 months, at which time she received a lump sum. Had plaintiff received regular benefits during that time, the lump sum would have been fully available to meet subsistence needs in the first quarter of 1980, and properly counted as income. However, because plaintiff did not receive the benefits during the fourteen month period, the lump sum payment had already largely been spent, in the form of debts incurred during the preceding year and two months. Thus the lump sum was not all actually "available to purchase necessities of life" during the first quarter of 1980.

For these reasons we feel that this case must be remanded to the Secretary for a recalculation of plaintiff's income for the first quarter of 1980, giving plaintiff proper deductions for debt payments associated with pre-1980 living expenses, to see if the amount of cash actually available to plaintiff exceeds the statutory minimum.[2]

SO ORDERED.

1. These regulations have been amended since this case was decided below. However, our Chief Judge has stated that "no substantive change ... seems to have been intended," *Rosenfeld v. Secretary*, 563 F.Supp. 1192, 1195 (EDNY 1983), and we agree.

2. Plaintiff also raises a constitutional attack on the Secretary's method of calculating unearned income, but in light of our disposition of this case, we need not reach this argument.