**Rosa SPROUSE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, Health and Human Services, Defendant.**

**Civ. A. No. 89–00509–R.**

United States District Court, E.D. Virginia, Richmond Division.

June 6, 1990.

Edward M. Wayland, Kathleen Dawson Shaw, Charlottesville–Albemarle Legal Aid Soc., Charlottesville, Va., for plaintiff.

Debra J. Prillaman, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

MERHIGE, District Judge.

Rosa Sprouse, the plaintiff, filed this action seeking review of the final decision of the Secretary of Health and Human Services reducing her Supplemental Security Income benefits. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g). The United States magistrate, to whom this case was referred pursuant to 28 U.S.C. § 636(b)(1)(B), filed a proposed memorandum opinion on March 7, 1990. Plaintiff has filed her objections to that proposed opinion.

The magistrate concluded that the final decision of the Secretary was supported by substantial evidence and that the plaintiff's SSI payments were properly reduced on account of the increase in the veteran's pension which plaintiff's spouse receives on her behalf.

Plaintiff's first objection concerns the magistrate's statement that "The Ninth and Tenth Circuits have addressed this issue with varying results." Plaintiff contends that only the Ninth Circuit has addressed the issue in *Paxton v. Secretary,* 856 F.2d 1352 (9th Cir.1988) and that decision supports plaintiff's position. The Ninth Circuit decision in *Whaley v. Schweiker,* 663 F.2d 871 (9th Cir.1981) appears to conflict with *Paxton.* In *Whaley* that court held that the augmented portion of the veteran's pension benefits paid for the benefit of his minor children was not income to the veteran for the purpose of figuring *his* SSI benefits.

Plaintiff argues that the magistrate's reliance on the Tenth Circuit decision in *Tsosie v. Califano,* 651 F.2d 719 (10th Cir. 1981) is misplaced. The Court does not agree. In the case at bar, plaintiff was married to and residing with her spouse, a veteran receiving VA pension benefits. Plaintiff was receiving SSI payments.

Plaintiff was a dependent of her veteran spouse. The spouse's VA benefits were augmented with a portion of the increase designated as payment for the plaintiff as the veteran spouse's dependent. The Secretary reduced plaintiff's SSI accordingly. In *Tsosie* the court held that the SSA could not properly count the portion of the VA surviving spouse pension which the plaintiff received on account of her children as income to her in determining her eligibility for SSI benefits. While the factual situation was not precisely analogous to the case at bar, the principle enunciated is the same.

Plaintiff's second objection states that she has no independent right to a separate check from the VA for that portion of the augmented pension attributed to her support. As pointed out in *Tsosie,* the payee of the check should not be determinative. If the augmented amount is included in the veteran-spouse's VA pension this does not alter the fact that it is money to be used for the plaintiff, who, in this case, is also receiving SSI benefits. If the veteran were not residing with his spouse then separate checks could be issued subject to the discretion of the VA. The court finds no merit in plaintiff's objection.

For the reasons stated, plaintiff's objections to the proposed memorandum are overruled and the magistrate's opinion will be adopted as the memorandum of the Court.

An appropriate order shall issue.

## PROPOSED MEMORANDUM

G. WARTHEN DOWNS, United States Magistrate.

Rosa Sprouse, plaintiff, brings this action to review the final decision of the Secretary of Health and Human Services reducing her supplemental security income payments. Jurisdiction is appropriate pursuant to the provisions of 42 U.S.C. § 405(g).

Plaintiff began receiving supplemental security income payments in May, 1982. Plaintiff was married to and living with her

spouse, a veteran receiving a Veterans Administration pension. In March, 1986 the Social Security Administration (SSA) learned that $71.00 per month of the veteran spouse's pension ($34.77 per month as of March, 1988) was designated as payment for plaintiff as dependent of the veteran spouse. The SSA then reduced the amount of plaintiff SSI and determined that she had been overpaid by $1,950.31. This matter worked its way through various administrative review levels and reached the administrative law judge (ALJ) who issued a finding that the veteran's pension paid to the claimant's spouse could not be considered plaintiff's income and that plaintiff received no overpayment. The Appeals Council, on its own motion pursuant to 20 C.F.R. 416.1469, reviewed the claim and reversed the ALJ's decision. The AC waived the overpayment but issued the Secretary's final decision that the augmented veteran's pension to plaintiff's spouse did constitute income to her thereby reducing her SSI.

The issue is whether the plaintiff's SSI payments were correctly reduced based upon the increase veteran's pension that her spouse receives on her behalf.

Plaintiff and defendant concede in their briefs in support of their motions for summary judgment that the issue before the court has not been addressed by the Fourth Circuit. The Ninth and Tenth Circuits have addressed this issue with varying results. In 1981 the Ninth Circuit Court of Appeals, in *Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981) decided that the increased pension (VA) benefits paid to a veteran for the support of his minor children did not constitute income to the veteran for the purpose of computing his SSI benefits. The Court concluded that even though the veteran-SSI recipient received only one check, part of the benefits were for the minor children and not the veteran.

Prompted by the Court's decision in *Whaley* the SSA adopted SSR 82–31 in which the dependent's portion of VA benefits is automatically used to reduce the dependent's SSI benefits.

In 1988, the Ninth Circuit rendered the decision of *Paxton v. Secretary HHS*, 856 F.2d 1352 (9th Cir.1988) in which it held that that portion of VA benefits paid to a veteran for the support of the veteran's dependents may not be counted as unearned income to the dependent in calculating the dependent's SSI benefits. This decision appears, on its face, to be in direct conflict with *Whaley*. *Whaley* holds that the SSA must disregard the augmented VA pension benefits received by a veteran-SSI recipient because the augmented portion was income for his dependent. *Paxton* holds that augmented VA pension paid the veteran for the benefit of his dependents was not income to the dependents and should not be used to reduce the veteran's dependent's SSI payments.

The Tenth Circuit in *Tsosie v. Califano*, 651 F.2d 719 (10th Cir.1981) held that the SSA may properly count the portion of the VA surviving spouse's pension that she (the veteran's widow) receives on account of her children as income to her in determining her eligibility for SSI benefits. The Court held that the payee of the check should not be determinative. If the money is intended and paid for the use of the children, it is not the spouse's income.

In reviewing the authorities cited by the parties it appears to this court that the *Tsosie* decision is legally correct. In the instant case, the VA could make a separate check to plaintiff for the augmented portion of the VA pension attributable to her but this would be a cumbersome procedure to follow in all cases. To facilitate the payment of benefits to veterans, when these benefits are designated and paid solely for dependents, it seems reasonable that the payee should be the veteran who resides in the same household with his dependents. The augmentation of the VA pension benefits is for the benefit of the dependent, in this case the plaintiff. Presumably the veteran uses the increased pension benefits to pay rent, buy food, clothing, pay utility bills, etc., all of which directly benefit the plaintiff.

The Court finds that the Secretary acted correctly in reducing plaintiff's SSI pay-

ments by the amount of the augmented VA pension benefits paid plaintiff's veteran spouse for the benefit of plaintiff. Therefore, plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be granted.

Dated: March 7, 1990.