**Julie D. MORELAND, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.**

No. 90–2074.

United States District Court, C.D. Illinois.

May 17, 1991.

Thomas Z. Hodson, Balbach, Fehr & Hodson, Urbana, Ill., for plaintiff.

Frances Hulin, Michael Messer, Asst. U.S. Attys., Danville, Ill., for defendant.

## ORDER

BAKER, Chief Judge.

This Supplemental Security Income ("SSI") case presents a novel question of law and regulatory interpretation. Be-

cause the defendant's interpretation of the relevant administrative regulations presents difficulties under the equal treatment mandate of the Fifth Amendment's due process clause, the court rejects the defendant's proffered reading of the regulations and instead adopts the plaintiff's interpretation of those regulations. Accordingly, the court sets aside the Secretary's final decision in this case, which served to reduce the amount of disability benefits due the plaintiff.

### Facts

The plaintiff, Julie Moreland, is a twenty-two year old woman who has been disabled by severe cerebral palsy since she was an infant. There is no question that she meets the disability test for SSI. The dispute is over the amount to which she is entitled and whether certain payments made to her mother by her father should be counted as her income.

In 1973, Moreland's parents were divorced in Illinois. Since that time, Moreland has lived with her mother in the house her mother owns in Urbana, Illinois. After Moreland turned eighteen years old, her father refused to pay further child support. Following a contested hearing in 1987, however, the father was ordered by the Illinois courts to pay $109 to the mother every two weeks for child support. In May, 1988—after Moreland had begun the administrative proceeding described below—the Illinois divorce court modified the child support award by ordering that the funds be used "only for social services, and not for any item deemed to be income under any federal benefit program including the social security supplemental security income program."[1]

The Department of Health and Human Services ("HHS") reduced Moreland's SSI benefit by the amount of the restricted child support payments paid by the father to the mother. After HHS refused to reconsider its decision, Moreland requested a hearing before an Administrative Law Judge ("ALJ"). At that December, 1988 hearing, the mother confirmed that she received the payments made by the father, but that she strictly segregated the funds. The mother testified that she kept the child support funds in a separate checking account and, pursuant to the restrictions contained in the modified court order, she only used the funds to purchase such things as medical insurance, transportation expenses, and the like for Moreland. The mother claimed that she never used the funds to pay for Moreland's food, shelter or clothing.

Agreeing with HHS, the ALJ found that the father's support payments to the mother should be considered cash payments to Moreland and that this income should be taken into account when calculating Moreland's benefits. The ALJ noted, however, that Moreland was under twenty-two years old and was a student, which entitled her to be treated as a child under the regulations. 20 C.F.R. § 416.1856 (1990). Thus, the ALJ ordered that only ⅔ of the payments—and not the full 100% originally ordered by HHS—be considered income to Moreland. *Id.* at § 416.1124(c)(11) (mandating that only ⅔ of support payments be considered income if the claimant is a child).[2] The Administrative Appeals Council denied Moreland's request for review, making the ALJ's decision the final decision of the Secretary. In August, 1990, Moreland sued in this court pursuant to 42 U.S.C. §§ 405(g) and 1383(c) (1991).

---

1. Because the court's decision in this case does not depend on a construction of this modified court order, the court need not determine whether such a state court decree would have any effect on the administration of an independent federal welfare program.

2. Because Moreland is now over twenty-one years old, she is no longer considered a child within the meaning of the regulations, even if she continues to be a student. *See* 20 C.F.R.

§ 416.1856 (1990). Thus, the one third exclusion is no longer available to her and, presumably, all of her father's support payments to her mother are again considered by HHS to be income to Moreland. Because this order only concerns the benefits due Moreland when she was between eighteen and twenty-one years old, the court will not take that changed circumstance into account.

Each side has moved for summary judgment. Because there is no dispute as to any relevant fact, the court is not called upon to review the factual basis of the administrative decision. The court's sole function is to ascertain whether the ALJ applied the correct legal standards. The court concludes that he did not.

### Discussion

This case demands that the court determine whether the support payments made by Moreland's father to Moreland's mother may be considered cash income to Moreland. Although easy to state, the question is not so easy to answer, given the complexity of the federal regulations which must be interpreted. Moreland insists that the $218 per month received by her mother cannot be considered income to her. In support, she advances two arguments, one relying on state law and the other on HHS's own regulations.

■ The court finds Moreland's arguments regarding Illinois law unconvincing. She claims that the payments cannot be considered her income because, under state law, she lacks standing to enforce the child support decree against her father and because she cannot control the funds which are paid directly to her mother, not to her. Although Moreland's characterization of Illinois law may be accurate, the Supreme Court has noted that child support payments made to a custodial parent generally benefit the entire family unit receiving them, and thus are available to the child at least in some sense. *See Bowen v. Gilliard,* 483 U.S. 587, 599, 107 S.Ct. 3008, 3016, 97 L.Ed.2d 485 (1986). Moreover, courts have upheld decisions by HHS in which certain income not "actually received" by the SSI claimant is nevertheless counted as income to that claimant. *E.g., Healea v. Bowen,* 871 F.2d 48, 49–51 (7th Cir.1988). The fact that under state law Moreland cannot sue to enforce the support award and the fact that she does not personally receive the check from her father cannot serve to prove that HHS is prohibited from considering the payments to be her income.

Moreland's other arguments, however, deserve more attention. In effect, she asserts that the HHS regulations do not allow the defendant to consider the payments from her father to her mother to be her income. According to Moreland, the payments reflect her father's continuing contribution to the expenses of the household in which she lives. Moreland admits that she receives some benefit from the payments in the form of in-kind assistance—that is, food, clothing, social needs, and the like.[3] She notes that the regulations already take such assistance into account by reducing her total SSI benefit payment by one third. 20 C.F.R. § 416.1131. That reduction recognizes that, because Moreland's living expenses are reduced by living in another's household, the amount of her disability benefits may be reduced also.

According to Moreland, the father's payments are no different from any other payments which add to the amount of money available to the household. The payments are no more direct payments to Moreland herself than are her mother's earnings from her job. Each of those payments add to the total amount of money available to the household. The support payments merely reflect the money that her father would be contributing to the household if he still lived at home and, as the mother does now, still contributed a portion of his earnings to the expenses of the household. The one third reduction in her total benefit amount reflects the fact that Moreland derives some benefit from the payments in the form of in-kind assistance by living in her mother's house.

Moreland notes that the nature of child support is such that the payments benefit the entire family unit receiving them, not only the child for whom such payments are ordered. That is why such payments may

---

**3.** As noted earlier, Moreland insists that since the modified Illinois child support decree was issued, she has not received the payments as food, clothing or shelter. Because this court's decision does not depend on interpreting the effect of that state court order, however, the court will assume that Moreland's mother is free to spend the father's payments on any household expenses.

be counted when determining a family's eligibility for programs such as Aid to Families with Dependent Children. *See Bowen v. Gilliard*, 483 U.S. 587, 598–99, 107 S.Ct. 3008, 3015–16, 97 L.Ed.2d 485 (1986). In *Gilliard*, the Supreme Court noted that it was reasonable for Congress to take into account all money received by a family when determining that family's total available resources. Because the Court did "not question Congress' reliance on the Secretary of Health and Human Services' assurance that counting child support income as part of the family income ... realistically reflects the actual home situation," *id.* at 600 n. 14, 107 S.Ct. at 3016 n. 14 (citations omitted), the Court held that a family could not hide some of its income by segregating child support payments from the rest of its income and by claiming that such payments were only income to the child for whom such payments were made. *See id.* at 600, 107 S.Ct. at 3016.

The defendant characterizes the father's support payments differently. He asserts that the father's payments represent cash payments to Moreland, which are only paid to Moreland's mother because Moreland's disability prevents her from handling money directly. At the hearing, counsel for the defendant compared the payments to a cash allowance paid to Moreland from her father, which would certainly be considered income to Moreland even if the actual cash allowance was received by another person on behalf of Moreland.

In support of his position, the defendant notes that the regulations specifically list alimony and support payments as kinds of unearned income that may be counted as income by the Secretary when determining the amount of benefits due a claimant. 20 C.F.R. § 416.1121(b). In addition, by specifically excluding from countable income one third of support payments made on behalf of a child by an absent parent, the SSI statute itself seems to indicate that support payments may otherwise be con-

sidered income to the recipient. 42 U.S.C. § 1382a(b)(9). According to the defendant, a plain reading of the statute and regulations reveals that the ALJ acted within his legal authority in considering the payments made by the father to the mother to be Moreland's unearned income. Thus, it was proper for HHS both to reduce Moreland's benefits because of her increase in income as a result of her father's support payments and to reduce her total benefit payment by one third because of her shared expenses as a result of living with her mother.

Moreland answers by arguing that the defendant has misapplied the statute and the regulations. She claims that the relevant sections do not mandate that her father's payments to her mother be considered income to her; rather, those sections set a limit on the amount of income that the defendant could deem to her while she was under eighteen years old. Specifically, Moreland notes that when a claimant is under eighteen, the regulations allow part of his or her parents' income and resources to be deemed to the claimant in order to reflect the fact that the parents will use some of their income and resources to care for the claimant. 20 C.F.R. § 416.1160(a)(2). The regulations which list support payments as a kind of unearned income confirm that when the parents are divorced and the absent parent makes up for his or her absence by submitting support payments to the household, those payments may be deemed to the claimant. The statute which excludes one third of those payments as income sets a limit on the amount of such income that may be deemed to the child claimant. Moreland notes that the regulation listing support payments as a kind of unearned income does not specify *whose* income it is, as many of the other unearned income regulations do.[4]

The regulations do state, however, that once a claimant reaches eighteen years old,

---

**4.** Several of the other unearned income regulations refer to income "you receive." *See, e.g.,* 20 C.F.R. §§ 416.1121(d) (rent); 416.1121(e) (life insurance proceeds); 416.1121(f) (prizes and

awards). "You" is defined in the regulations as "a person who is applying for, or already receiving, SSI benefits." *Id.* at § 416.1101.

all deeming of his or her parents' income must end. *Id.* at §§ 416.1165(g)(7) & 416.-1160(d) (definition of ineligible parent). The language of the regulations indicates that this cessation of deeming applies even if the claimant otherwise is still considered a "child" because he or she is under twenty-two years old and a student. *See id.* There is no provision which states that this cessation of deeming does not apply to claimants whose parents are divorced and the absent parent continues to make payments to the household in which the claimant lives. According to Moreland, the ALJ in effect continued to deem income to her even though she was over eighteen years old. Because such deeming is improper, Moreland argues that the ALJ's determination must be overturned.

The defendant responds by arguing that the logical outcome of Moreland's reasoning is that if the support payments are not income to Moreland, they must be income to her mother. Several courts have held in an analogous area, however, that child support payments may not be considered to be the receiving parent's income. *See, e.g., Whaley v. Schweiker,* 663 F.2d 871, 875 (9th Cir.1981); *Tsosie v. Califano,* 651 F.2d 719, 723 (10th Cir.1981). In those cases, the courts held that the child support portion of a Veterans' Administration pension could not be counted as the veteran's income and used to reduce the veteran's SSI benefits. The defendant argues that these cases prove that the father's payments cannot be considered to be the mother's income. Accordingly, the payments must be considered cash income to Moreland herself.

Yet both *Whaley* and *Tsosie* are readily distinguishable from this case. First, those cases involved calculation of a parent claimant's income, not, as here, a child claimant's income. In addition, the cases involved child support payments made by a government welfare program, not payments made by one parent to another. In deciding how to treat such government support payments, HHS, in other cases, has expressly distinguished them from child support payments made by one parent to another. *Sullivan v. Stroop,* —— U.S. ——, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990). The defendant has not cited a case where a court held that child support payments made by one parent to another could be counted as the child's cash income for SSI purposes, even though such situations must be more numerous than situations where the family receives government child support payments. Finally, the children for whom the payments were made in both *Whaley* and *Tsosie* were under eighteen years old. The defendant has not cited a case where a court found that support payments for a child *over* eighteen years old could be considered the child's cash income for SSI purposes.

Even if the court were able to discern a rule appropriate for this case from the cases cited by the defendant, however, the effect of *Whaley* and *Tsosie* is countered by *Paxton v. Secretary of the Dep't of Health and Human Services,* 856 F.2d 1352, 1359 (9th Cir.1988), where the Ninth Circuit invalidated the defendant's rule regarding VA child support which he promulgated following *Whaley.* In *Paxton,* the court held that the child support portion of a Veterans' Administration pension payment could not be counted as the child's income and used to reduce the child's SSI benefits. Recognizing that the combination of *Whaley* and *Paxton* would mean that HHS could not count the VA child support payments as income to either the child or the parent, the court held that

> [t]he calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits. Rather, the notion of income is an artificial concept that may be understood only by reference to the SSI statute, the SSI regulations, and the cases interpreting them.

*Id.* at 1357.

■ Here, the court concludes that the defendant has not justified counting the father's payments to the mother as cash income to Moreland. Moreland does not receive the payments herself and, though the defendant may have been able to con-

sider part of the payments to be her income while she was under eighteen years old, he may not do once she is over eighteen years old unless he can point to some section of the regulations or SSI statute which clearly authorizes him to do so. Simply noting that unearned income can, in appropriate circumstances, include alimony and support payments will not suffice. As argued by Moreland, that regulation, as well as the statutory exclusion of one third of child support payments from such unearned income, apply when the SSI claimant herself receives such alimony or support payments or when the claimant is under eighteen years old.

■ The court is aware that it generally must defer to an administrative agency's interpretation of its own regulations. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965). Yet the court is also aware that it must avoid a regulatory interpretation that presents serious constitutional difficulties. *United States v. Clark*, 445 U.S. 23, 33–34, 100 S.Ct. 895, 903–04, 63 L.Ed.2d 171 (1980). And here, the court must question whether the defendant's interpretation could pass constitutional muster under the Fifth Amendment's command that the federal government treat all persons equally.

■ It is well-settled that if there is a rational basis for a decision in the administration of a government welfare program, that decision will be upheld even if the decision has the effect of reducing the amount of benefits due certain persons. *Gilliard*, 483 U.S. at 603, 107 S.Ct. at 3018. In *Gilliard*, for example, the Court had before it a statute that expressed Congress' goal of reducing AFDC expenditures. *Id.* at 592, 107 S.Ct. at 3012 (citing Deficit Reduction Act of 1984). Congress attempted to further this goal by altering the AFDC program so that the income a family received from child support payments would be included when determining that family's total income for AFDC purposes. *Id.* at 592–94, 107 S.Ct. at 3012–14. Although the Court noted that child support payments are paid out on behalf of a specific child in a family, the Court held

that it was reasonable for Congress to conclude that such payments "are generally beneficial to the entire family unit" and, therefore, it was reasonable for Congress to target such families' AFDC benefits for reduction. *Id.* at 599–600, 107 S.Ct. at 3016–17.

Here, the defendant argues that he has acted reasonably in reducing Moreland's SSI benefits. He notes that the SSI program is designed only to provide minimum welfare benefits. *Schweiker v. Wilson*, 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981). Thus, it is proper to monitor the income of a claimant and to reduce the amount of benefits to be paid to a claimant when he or she receives an increase in income. The defendant argues that it is reasonable to consider the father's payments to the mother to be cash income to Moreland and that the subsequent reduction in Moreland's SSI benefit served to further the goals of the SSI program. According to the defendant, at least while Moreland is considered a "child" within the meaning of the regulations and, therefore, has only two thirds of the payments counted as her income, she actually has access to more funds than someone whose absent parent paid no child support or someone who was not a "child" and had all of the support funds counted as income.

The defendant's argument may be persuasive if Moreland is properly compared with other SSI claimants whose parents are divorced and who do not participate in any child support program. Due to the nature of child support, however, Moreland receives her father's payments as in-kind support, just as she would if he was still living at home and part of his wages continued to support the household. Part of the purpose of child support is to prevent the child of a divorce from suffering an economic decline as a result of his or her parents' divorce, an event over which the child obviously has no control. *See* 27C C.J.S. *Divorce* § 673 (1986). Thus, Moreland is more properly compared with other SSI claimants whose parents live together in the same household.

By seeking to prevent the defendant from counting her father's payments to her mother as cash income to her, Moreland is not requesting that she receive some unfair advantage from her father's household contribution. The defendant can, and does, reduce Moreland's total SSI benefit payment by one third in order to reflect the sharing of household expenses Moreland enjoys by living with her mother, just as the defendant reduces the total benefit payment of a claimant whose lives with both parents and receives support from both parents. But there is no justification for characterizing the father's contribution to the household as something it is not. The father's payments are court ordered payments made in hopes of softening the blow of his otherwise withdrawing his economic support from the family in which Moreland lives. The payments attempt to make up for lost household support; they are not a gratuitous cash gift to Moreland from her father.

Yet, according to the defendant, Moreland deserves to have her SSI benefits reduced because her father contributes to the household expenses *and* deserves to have her total benefit payment reduced by one third because she lives in her mother's house. The defendant has not even attempted to explain why a claimant whose parents are divorced should suffer both deductions while a claimant whose parents live together must suffer only the one third reduction in total SSI benefit payment. The defendant merely argues that his reading of the regulations does not work a serious deprivation on Moreland, at least while she is considered a "child" within the meaning of the statute. From the record, however, no reason appears for the disparate treatment. As Justice Brennan has noted, "No society can assure its children that there will be no unhappy families. It *can* tell them, however, that their Government will not be allowed to contribute to the pain." *Gilliard*, 483 U.S. at 634, 107 S.Ct. at 3034 (Brennan, J., dissenting) (emphasis in original). Because Moreland's reading of the relevant regulations is more consistent with the dictates of fair treatment embodied in the Fifth Amendment's due process clause, the court accepts her interpretation.

In sum, the court finds that the regulations promulgated by the defendant do not permit the defendant to consider the support payments made by the plaintiff's father to the plaintiff's mother to be the plaintiff's income.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (# 10) is allowed and the defendant's motion for summary judgment (# 12) is denied. Judgment is granted in favor of the plaintiff and against the defendant. The clerk is ordered to enter judgment accordingly.

IT IS FURTHER ORDERED that this matter is remanded to the Secretary of the Department of Health and Human Services pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this order.