IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL S.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-114**　　(Fam. Ct. of Putnam Cnty. No. FC-40-2006-D-137)

**ANGELA S.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Michael S.[1] ("Father") appeals the Family Court of Putnam County's January 30, 2023, order that denied his motion to terminate his child support obligation for his disabled adult daughter, who is the recipient of Supplemental Security Income ("SSI"). Respondent Angela S. ("Mother") and the Bureau for Child Support Enforcement ("BCSE") filed responses.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

The parties were married in 1990 and on July 27, 2002, a set of triplets were born of the marriage. The parties were divorced by a final divorce order entered on June 12, 2007. Father was initially ordered to pay monthly child support in the amount of $837.84, effective July 1, 2014. By order entered on October 16, 2018, child support was modified to $786.00 per month, effective October 1, 2018. That order stated that child support would terminate once the children graduated high school.

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

[2] Michael S. is represented by Jon D. Hoover, Esq. Angela S. is represented by Maggie J. Kuhl, Esq. The BCSE is represented by Allison C. Ojeda, Esq.

On June 25, 2020, approximately one month before the triplets' eighteenth birthday and high school graduation, Mother filed a petition for modification to extend child support for one of the triplets, L.S., based upon the child's disability. The triplets, including L.S., graduated high school in July 2020 and the BCSE terminated child support on July 31, 2020, as the obligation had ended and was paid in full.

On May 25, 2021, the family court held a hearing on Mother's petition for modification to extend child support for L.S. The court found that L.S. had a pending application for SSI benefits. The court further found that L.S. was physically disabled and incapable of supporting herself, and, as such, entered a temporary order on June 24, 2021, setting child support at $456.07 per month, effective August 1, 2020. The order further stated that child support would terminate on the first of the month following any SSI award.

On February 7, 2022, the family court held a hearing where it found that L.S.'s SSI claim was denied, and an appeal of the decision was filed with the Social Security Administration ("SSA"). Father moved the court to end his child support obligation due to L.S. reaching the age of majority. Mother moved the court to continue Father's child support obligation since L.S. was found disabled. The family court entered its order from the February 7, 2022, hearing on March 21, 2022, which modified Father's child support obligation from $456.07 to $1,141.00 per month, beginning October 26, 2021. The family court further found that the SSI denial constituted a change in circumstances and required an evidentiary hearing[3] to determine whether the parties' child required continuing support by Father into adulthood.

By letter dated December 6, 2022, L.S. was granted SSI in the monthly amount of $609.34 effective January 2023. She was also awarded backpay in the amount of $14,085.45, but after a reduction of attorney fees, she received $10,564.09 for April 2021 through November 2022.

On December 19, 2022, the family court held a final hearing on Mother's petition for modification of child support and Father's motion to end his child support obligation. The BCSE did not attend the hearing but was consulted during a pre-hearing conference with both parties' counsel and the court. During the pre-hearing conference, counsel for Mother proffered that the SSA had already considered the current child support obligation received by Mother in the amount of $1,141.00 and that the SSA had reduced L.S.'s SSI

---

[3] It does not appear, from the record, that the family court ever held the evidentiary hearing due to L.S.'s subsequent SSI award. In other words, it appears that the court determined L.S. needed continued support because she was subsequently awarded SSI due to a disability.

award by one-third because of the child support.[4] Mother's counsel and the court agreed that a child support award would not affect or make L.S. ineligible for SSI. Specifically, the family court found that two-thirds of the child support award would be considered the child's unearned income for the purpose of SSI benefits. Father's counsel disagreed and objected to that conclusion. L.S.'s SSI award was included as Mother's income in the child support formula. Mother was attributed no other income. Child support was awarded to Mother in the amount of $1,015.67 per month, effective January 1, 2023.[5] The court entered its final order on January 30, 2023, and this appeal followed.

When reviewing the order of a family court, we apply the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate review of a family court order).

Father asserts a single assignment of error on appeal. He contends that the family court erroneously awarded child support to Mother in direct violation of West Virginia Code § 48-13-603(b) (2001) because the parties' adult child is a recipient of SSI pursuant to 42 U.S.C. § 1382. He asserts that because child support is considered unearned income, and could render the child ineligible for disability payments, any amount of child support awarded would terminate her eligibility. Although Father's assertion is somewhat misplaced, we find error in the family court's order, nonetheless.

West Virginia permits disabled children to receive support past the age of majority. *See* Syl. Pt. 10, *James G. v. Caserta*, 175 W. Va. 406, 332 S.E.2d 872 (1985). However, if the disabled adult child is a recipient of SSI, courts must analyze whether a child support award would cause the adult child to become ineligible for SSI. *See* W. Va. Code § 48-13-603(b). Child support must either be terminated or reduced to an amount that would not

---

[4] This pre-hearing conference was not preserved in the record, as it was not recorded by the family court; however, all parties refer to it in their briefs.

[5] Although paragraph two on page five of the family court's order indicates that the child support formula worksheet was attached and filed as "Exhibit A" to its order, the record on appeal is devoid of such worksheet.

3

result in the child's ineligibility. *Id*. West Virginia Code § 48-13-603(b) states, in part, the following:

> If a child is a recipient of disability payments as supplemental security income for aged, blind and disabled, under the provisions of 42 U.S.C. § 1382, et seq., and if support furnished by an obligor would be considered unearned income that renders the child ineligible for disability payments or medical benefits, no child support order shall be entered for that child.

The SSI program is administered by the SSA and provides financial assistance to certain aged, blind, and disabled persons. *See* 20 C.F.R. § 416.110. The law governing SSI can be found in Title 42 of the United States Code, 20 C.F.R. § 416.110, and in the Social Security Administration's Program Operations Manual System ("POMS"). The POMS Manual offers guidance on how the SSA looks at different legal issues affecting SSI recipients.

According to the SSA, the maximum award for an individual SSI recipient in 2023 is $914.00.[6] To be eligible, the maximum income for an individual whose income is not from wages is $934.00 per month. *Id*. If a person's income falls below $934.00, he or she is eligible for benefits and that benefit will be the difference between his or her income and the maximum allowed. *See* 20 C.F.R. § 416.1100. Here, the record indicates that L.S.'s income would not be from wages and would only be from unearned income, making her eligible for SSI only if her maximum unearned income is less than $934.00.

The amount of income an individual has is a major factor in determining the amount of SSI the individual will receive. According to the SSA, "[o]nce an individual is found to be eligible for SSI . . . [the] maximum amount is subject to a reduction, in the amount of any available income not otherwise excludable." *Glasgold v. Sec'y of Health and Hum. Serv.*, 558 F.Supp. 129, 132 (E.D. N.Y. 1982).

Under the SSI program, income is divided into two types: earned and unearned. *See* 42 U.S.C. § 1382a. Both earned and unearned income may be in cash or in-kind. *See* 20 C.F.R. § 416.1102. In-kind income is noncash income such as food, clothing, or shelter. *Id*. Child support is considered unearned income, but it is generally countable when determining whether or not someone qualifies for SSI benefits. *See id*. If an adult disabled child has too much unearned income, SSI benefits will be terminated.[7] "Clearly, there

---

[6] Soc. Sec. Admin. *Update*. Pub. No. 05-10003 (2023) (The update provides information about Social Security taxes, benefits, and costs for 2023), https://www.ssa.gov/pubs/EN-05-10003.pdf

[7] Adults with disabilities are usually eligible for government benefits, such as SSI and Medicaid/Medicare, due to their limited abilities to obtain employment and subsequent

would seem to be a moral duty for any responsible parent with the ability to assist in the support of his or her disabled child to do so. The legal issue, however, is more difficult." *Casdorph v. Casdorph*, 194 W. Va. 490, 494, 460 S.E.2d 736, 740 (1995).

The SSA defines child support as in-kind or cash payments to a child or a child's legal representative or custodian to meet the child's needs for food and shelter. *See* 42 U.S.C. § 1382a. Importantly, the SSA considers an individual a child if they are under eighteen years old or under twenty-two years old and a student regularly attending school or college or training that is designed to prepare for a paying job, unmarried, and not the head of a household. *See* 20 C.F.R. § 416.1856. When the individual is considered a child pursuant to the SSA, one-third of monthly child support payments are excluded from the countable income in determining the SSI. *See* 20 C.F.R. § 416.1124(c)(11). However, for an adult child eighteen or older, 100% of a child support payment (minus $20.00 as an exemption)[8] counts as a reduction against SSI. *See* 20 C.F.R. § 416.1124. Child support is considered unearned income to a disabled adult child even if it is paid directly to the custodial parent.[9]

Here, L.S. is considered an adult child by the SSA because she is over eighteen years old and not in school, thus, any child support award is defined as unearned cash income which reduces her SSI award dollar for dollar. According to the proffer by Mother's

---

health insurance. However, post-majority child support "often creates a conflict with the SSI program... as SSI can be lost or reduced if the adult disabled child receives 'too much' child support income." Richard D. Chatwin, *Adult Disabled Children, Mandatory Child Support and SSI Benefits: What Every Divorce Attorney Should Know*, 24 Nev Law. 12 (2016).

[8] "The first $20 of any unearned income in a month" is excluded from the calculation. 20 C.F.R. § 416.1124(c)(12).

[9] Current SSA policy states:

When a parent or other person receives current child support payments for an adult child after the adult child stops meeting the definition of a child, the income belongs to the adult child. The support payments are income to the adult child even if he or she does not live with or receive any of the child support payment from the parent or other person. Such support payments are not subject to the SSI one-third child support exclusion.

POMS Manual SI 00830.420(C)(1) Child Support Payments.

counsel,[10] child support was $1,141.00 when the SSI award was determined.[11] According to the SSA, L.S. should not be eligible for SSI since her unearned income of $1,141.00 was over the maximum amount allowable.[12] Additionally, an adult child's Medicaid and all benefits that come along with an SSI award could be lost if the child support amount exceeds the SSI income limit.

In addition to child support, there are other ways in which an individual's SSI benefit amount could be reduced. SSI is intended to pay and provide for that disabled individual's food, shelter, and necessities. If an individual is getting money from another source to pay for their food, shelter, and necessities, the SSA may find that the individual does not need as much SSI support and will reduce the SSI by one-third. *See* 20 C.F.R. § 416.1130(c). "The one-third reduction rule applies if you are living in the household of a person who provides you with both food and shelter." *Id.*

Although counsel for Mother proffered that the SSA reduced L.S.'s SSI by one-third because of her child support award, it appears that the one-third reduction in L.S.'s total SSI amount reflects the fact that she derives a benefit in the form of in-kind assistance by living in her Mother and stepfather's home. *See Moreland v. Sullivan*, 765 F.Supp. 970, 972 (C.D. Ill. 1991) (SSI beneficiary's benefits were reduced by one-third because the beneficiary lived in another's household.) Because the SSA views food or shelter one receives as equal to one-third of the SSI benefit, an adult child's maximum SSI benefit of $914.00 would be reduced to $609.34.[13] Therefore, the family court's monthly child support award in the amount of $1,015.67 is barred by law because it makes L.S. ineligible

---

[10] We remind the family court on remand that pursuant to Rule 20 of the Rules of Practice and Procedure for Family Court, final hearings shall not be conducted exclusively by the presentation of evidence by proffer.

[11] We note that the record indicates that the child support in effect at the time of L.S.'s SSI appeal was $456.07.

[12] In its brief, counsel for the BCSE asserted that despite the important relationship between child support and SSI, there are currently no connected databases between the BCSE and SSA. For most other forms of income, such as wages, SSA has a centralized system for verification. Because no such system exists for child support, the SSA relies heavily on the applicant to disclose whether child support is being received for the benefit of the recipient.

[13] The SSA provides a simple two-part calculation formula to determine if an individual's unearned income affects their SSI benefit. *See* Soc. Sec. Admin. *Understanding Supplemental Sec. Income* (2023), https://www.ssa.gov/ssi/text-income-ussi.htm.

for SSI benefits due to the dollar-for-dollar reduction.[14] Thus, we find, pursuant to the SSA, L.S.'s status as an "adult child" requires any child support amount awarded on her behalf to be considered as her unearned cash income that reduces her SSI dollar for dollar.

Turning to Father's assignment of error, his assertion that *any* child support award automatically renders L.S. ineligible for SSI benefits is incorrect. Rather, we find that a child support award that reduces an SSI recipient's benefits does not affect the recipient's eligibility. Put another way, so long as the SSI recipient receives *any* amount of SSI benefits after child support is awarded, eligibility remains intact. However, family courts must adhere to the laws governing the SSA when determining if a certain child support amount would render the SSI recipient ineligible for benefits. We further urge courts to refer to the POMS manual when additional guidance is needed.

Based on the foregoing, because L.S. is not considered a child pursuant to the SSA, but rather is considered an adult child and is thus, not permitted to benefit from the one-third child support exclusion, the family court clearly erred in finding that "two-thirds of the child support award would be considered unearned income to the child." We further find that the family court abused its discretion by awarding a child support amount, beginning on January 1, 2023, that rendered L.S. ineligible for SSI benefits, pursuant to the SSA.

Accordingly, we vacate the Family Court of Putnam County's January 30, 2023, order, and remand this case for the court to develop a full evidentiary record by allowing Mother the opportunity to produce evidence of the income the SSA considered when determining L.S.'s SSI benefit so the amount of child support awarded will not render L.S. ineligible for SSI, pursuant to West Virginia Code § 48-13-603(b).[15]

Vacated and Remanded.

**ISSUED:** March 25, 2024

---

[14] Also, according to the POMS manual, child support arrearage is considered unearned income to adult disabled children as well. Notably, arrearages are only counted and considered by the SSA as income once they are paid but could cause an adult disabled child to become ineligible for SSI nonetheless. *See* 20 C.F.R. § 416.1123.

[15] The SSA provides applicants with an SSI *application receipt summary* and recipients of an SSI award with a *notice of award*. Both documents detail the income the SSA considered in determining the SSI benefit amount. These documents could prove beneficial to the family court when making its determination.

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear