749 P.2d 538

**Richard LANDAVAZO,**
**Petitioner–Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HU-**
**MAN SERVICES, INCOME SUPPORT**
**DIVISION, Respondent–Appellee.**

**No. 10191.**

Court of Appeals of New Mexico.

Jan. 12, 1988.

716

Frank J. Gallegos, Northern New Mexico Legal Services, Inc., Taos, for petitioner-appellant.

Hal Stratton, Atty. Gen., Ernest O. Pacheco, Sp. Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

APODACA, Judge.

Petitioner Richard Landavazo (applicant) appeals the New Mexico Department of Human Services, Income Support Division (HSD), fair hearing decision upholding its county office's denial of his application for food stamp benefits. Relying on *Cruz v. New Mexico Dep't of Human Services*, 100 N.M. 133, 666 P.2d 1280 (Ct.App.1983), and *Saenz v. New Mexico Dep't of Human Services*, 98 N.M. 805, 653 P.2d 181 (Ct. App.1982), we originally proposed summary reversal of HSD's decision on the basis that the hearing officer should have considered the new evidence applicant offered at the fair hearing concerning his physical disability and the modifications he made to his vehicle *after* the county office had denied his application. We subsequently reconsidered our proposed disposition and proposed to affirm the hearing officer's determination. We did so on the basis that the evidence applicant offered at the fair hearing did not tend to establish his eligibility for benefits *at the time* the county office considered his application. In so doing, we proposed to limit the application of *Cruz* and *Saenz*. Applicant has now filed a memorandum in opposition to our proposed disposition. Not being persuaded by the memorandum, we affirm the hearing officer's decision.

### Background

The county office denied the application because the resource maximum for applicant's household was exceeded by the value of his vehicle. *See* 1 HSD Income Support Division Program Manual (ISDP Manual) §§ 428.1 (Revised March 1, 1987); 428.432; 428.4321 (Revised November 1, 1982). Applicant subsequently requested a fair hearing pursuant to NMSA 1978, Section 27-3-3 (Repl.Pamp.1984). Subsequent to denial of the application by the county office, but before requesting the fair hearing, applicant made certain modifications to his vehicle that his doctor considered necessary to accommodate applicant's physical disability. Applicant argued at the fair hearing that as a result of his physical disability and the modifications he made to his vehicle, his vehicle should be excluded from consideration as a resource because it constituted a "specially equipped" vehicle necessary to transport a physically-disabled household member. *See* ISDP Manual § 428.431(e) (Revised July 1, 1986).

At the fair hearing, applicant presented evidence of his physical condition and the modifications he made to his vehicle. HSD upheld the decision of its county office on the basis that its denial of applicant's application was correct when taken. The hearing officer did not consider the new evidence concerning applicant's physical disability and the modifications to his vehicle, nor did she decide whether applicant's vehicle should be excluded from consideration as a resource under ISDP Manual Section 428.431(e).

### Issues

Applicant raises two issues on appeal: (1) whether HSD's decision is arbitrary and capricious; and (2) whether HSD failed to follow its own regulations in refusing to exclude applicant's vehicle from consideration as a resource under ISDP Section 428.-431(e).

### Discussion

■ We will first address a procedural matter before considering the substantive issues of this appeal. Our second calendar notice proposing summary affirmance was filed on November 20, 1987. Applicant filed a memorandum in opposition on December 3, 1987. *See* SCRA 1986, 12-210(E)(3). After taking into account the

three-day mailing period set out in SCRA 1986, 12–308(B), applicant's memorandum in opposition was timely. HSD filed a response (response) to applicant's memorandum in opposition on December 11, 1987. Applicant filed a reply (reply) to HSD's response on December 22, 1987. Rule 12–210(E)(3) requires memoranda to be filed within ten days of the date of service of a calendar notice. Under these time limits, HSD's response and applicant's reply were not timely filed. In addition, our rules of appellate procedure do not provide for the filing of responses and replies back and forth between the parties to their memoranda in support of, or in opposition to, a calendar notice. Thus, we have not considered HSD's response and applicant's reply in deciding this appeal. We now proceed to a discussion of the merits.

■ We will not disturb an administrative decision by HSD unless it is: (1) found to be arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence in the record as a whole; or (3) otherwise not in accordance with law. NMSA 1978, § 27–3–4(F) (Repl.Pamp.1984); *New Mexico Human Services Dep't v. Garcia*, 94 N.M. 175, 608 P.2d 151 (1980). As noted previously, applicant's application for food stamp benefits was originally denied by the county office because the resource maximum for the household was exceeded by the value of applicant's vehicle. *See* ISDP Manual §§ 428.1 and 428.-4321. Applicant does not claim this original determination was incorrect, or that he was eligible for benefits at that time. Instead, he argues his application should be granted because he became eligible for benefits as a result of the modifications he made to his vehicle after the county office denied his application.

■ Applicant relies on *Cruz* and *Saenz* for the proposition that the hearing officer should have considered the new evidence concerning the modifications to his vehicle at the fair hearing. In those cases we stated a hearing officer must consider all evidence presented at the fair hearing. However, *Cruz* and *Saenz* are distinguishable. There, the issue was not whether

HSD acted properly on the basis of information known at the time of the original determination, but whether new evidence tending to establish the applicants' eligibility for benefits *at the time* HSD's representatives originally took action terminating or denying their benefits should be considered at the fair hearing. In this case, on the other hand, the new evidence concerning the modifications applicant made to his vehicle constituted a change in circumstances *after* the county office denied his application, and would not establish applicant's eligibility for benefits at that time.

Applicant argues his medical condition for which he modified his vehicle predated the application and therefore does not constitute a changed condition or circumstance. While applicant's medical condition is a relevant consideration in determining whether his vehicle falls under the exclusion contained in ISDP Manual Section 428.431(e), this is not the only consideration. One other consideration is whether his vehicle constituted a "specially equipped" vehicle. *See id.* Since the modification of the vehicle constituted a changed condition or circumstance subsequent to the denial of his application by the county office, the hearing officer did not err in refusing to consider the evidence applicant offered at the fair hearing. *Cf. Cruz v. New Mexico Dep't of Human Services; Saenz v. New Mexico Dep't of Human Services.*

Applicant does not argue the county office's denial of his application on April 20, 1987 was incorrect, or that he was entitled to benefits at that time. Moreover, our review of the record indicates the evidence that applicant's vehicle exceeded the resource maximum for his household was sufficient to deny his application on this basis. *See* ISDP Manual §§ 428.1 and 428.-4321. Based on the foregoing, we cannot say HSD's decision upholding its county office's denial of applicant's application was arbitrary, capricious, or an abuse of discretion, not supported by substantial evidence in the record as a whole, or other-

wise not in accordance with law. *See New Mexico Human Services Dep't v. Garcia.*

We stated in our second calendar notice that, in view of the change in circumstances after the county office initially denied his application, applicant's proper remedy would be to reapply for benefits rather than to pursue this appeal. In response, applicant argues for the first time on appeal that HSD was remiss because it failed to inform him that he should reapply for benefits after he made the modifications to his vehicle, and instead required him to file this appeal. Thus, applicant alleges, HSD should be "held accountable" to him by being required to approve his initial application.

Applicant's argument must fail for several reasons. First, we find nothing in the statutes or HSD regulations that would impose upon HSD the duty to inform applicant to reapply for benefits. Moreover, although our statutes require HSD to inform applicant of his right to appeal its decision, *see* Section 27–3–3(D), there is nothing in the record to indicate HSD required or forced applicant to pursue an appeal. In addition, applicant is asking us to award benefits for a period during which he clearly was not eligible, i.e., the month he filed his application, as a punitive measure against HSD. Applicant states no authority for such an action and we know of none. Finally, the question of whether applicant is actually entitled to benefits is not before this court at this time. Applicant is assuming that the modifications he made to his vehicle entitle him to the exclusion of ISDP Manual Section 428.431(e), and therefore to food stamps. However, no determination on that issue has been made by HSD and consequently there is no decision for this court to review.

Applicant also contends HSD caused a delay in his fair hearing by negligently misplacing his hearing request, and he was thus precluded from receiving food stamps for a four-month period. Applicant is apparently calculating this period from the date his application was disallowed by the county office, April 20, 1987, until the hearing officer's decision was issued on August 25. Applicant did not request a fair hearing until June 3, more than six weeks from the date of the disallowance. That period cannot be attributed to delay on the part of HSD. We note that HSD regulations require "everything" be done within sixty days of the request for a fair hearing, ISDP Manual Section 461.14, which, in this case, would have been August 3. In fact, the fair hearing was held on August 12 and the decision was filed August 25. Thus, it appears HSD may have been responsible for a delay of some three weeks. However, even if this is so, applicant has not shown that he was prejudiced by any delay because the hearing officer could properly look only at evidence concerning eligibility at the time the application was filed, and there has still not been a determination that applicant is eligible as a result of the modifications to his vehicle.

If applicant believes he is now eligible for benefits, he should reapply. If he takes the position that he has been prejudiced by a delay caused by HSD, his new application should reflect such assertions so that HSD can properly respond to his claims in light of applicable agency regulations. *See, e.g.,* ISDP Manual § 444 (Revised December 15, 1983).

Based on the above, we affirm HSD's decision upholding its county office's denial of applicant's application for food stamp benefits on the basis that the county office's action was correct when taken.

No costs are awarded.

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.