This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38670

**DEBORAH S. and JOHNATHAN S.,**

Petitioners-Appellees,

v.

**CARA S. n/k/a CARA P.,**

Respondent-Appellant,

**IN THE MATTER OF THE KINSHIP GUARDIANSHIP OF PEYTON S. and PRESLEIGH S.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Kraft Law, LLP
Richard L. Kraft
Roswell, NM

for Appellees

Martin & Lutz, P.C.
David P. Lutz
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Respondent (Mother) appeals from the district court's order awarding permanent kinship guardianship to Petitioners. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition to our

proposed disposition, which we have considered. We also note that Petitioners filed a notice asserting Mother's counsel made misrepresentations concerning the filing and service of the memorandum in opposition, and Mother thereafter filed a response to Petitioners' filing. We have not considered these filings to the extent they address the merits of this appeal because "our rules of appellate procedure do not provide for the filing of responses and replies back and forth between the parties to their memoranda in support of, or in opposition to, a calendar notice." *Landavazo v. N.M. Dep't of Human Servs., Income Support Div.*, 1988-NMCA-002, ¶ 5, 106 N.M. 715, 749 P.2d 538. Remaining unpersuaded by Mother's arguments, we affirm.

{2}     As we explained in our calendar notice, "[a] finding of extraordinary circumstances must be based on proof of a substantial likelihood of serious physical or psychological harm, or serious detriment to the child." *In re Guardianship of Ashleigh R.*, 2002-NMCA-103, ¶ 25, 132 N.M. 772, 55 P.3d 984 (internal quotation marks and citations omitted). [CN 3] In light of this standard, we then provided a detailed discussion of the ample evidence considered by the district court and suggested the district court properly concluded that Petitioners met their burden to prove the existence of extraordinary circumstances by clear and convincing evidence. [CN 3-8]

{3}     Mother's memorandum in opposition is not responsive to our detailed analysis or our proposed conclusion that the district court properly determined the evidence proved that a threat of serious psychological harm may occur should the minor children be removed from Petitioners' care. In addition, aside from Mother's unsupported and generalized assertion that "it was basically undisputed that [Mother] was willing and able to provide adequate care, maintenance and supervision for [Children]" [MIO 3-4], Mother has not contested any of the facts discussed in our calendar notice. Rather, Mother continues to focus solely on one of the many findings of fact entered by the district court—that Petitioners are the psychological parents of Children. [MIO 2-10; 3 RP 677 FOF 47]

{4}     Mother's attempt to transform this single factual finding into the legal standard upon which the district court based its decision is unavailing. Although Mother asserts the district court clearly relied on the psychological parent doctrine and believed it to be part of the controlling legal standard, Mother has not directed us to anywhere in the record that would support such claims. [MIO 2, 8] *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). In addition, Mother provides no legal authority to support her contention that it makes no difference whether the district court relied upon the doctrine of psychological parentage as the adopted standard or as factor in its analysis. [MIO 8] This Court will not consider propositions that are unsupported by citation to authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

{5}     Based on our own review of the record, we conclude Mother's assertions concerning the district court's reliance on the psychological parent doctrine are

unsupported. The district court's order granting kinship guardianship is clear that it considered whether Petitioners presented clear and convincing evidence "showing that a threat of serious psychological harm may occur should [Children] be removed from Petitioners' care and placed with [Mother]." [3 RP 668] The order does not refer to the psychological parent doctrine; rather, the district court's only mention of the phrase "psychological parent" is in one of the district court's numerous findings of fact, which it issued separately after the order was entered. [3 RP 677 FOF 47]

**{6}** Given that the district court entered numerous additional findings of fact, many of which we discussed in our calendar notice and which Mother has not contested, we do not see how the psychological parent finding is necessary to support the district court's judgment and Mother has not demonstrated the necessity of this finding. Therefore, even if the district court did commit error by its mere use of the phrase "psychological parent," the district court's decision would still stand. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned.").

**{7}** We therefore find Mother's memorandum in opposition to be unresponsive to our notice of proposed disposition because it is premised on the incorrect assumption that the district court relied on the wrong legal standard, and because it does not respond in any substantive way to our discussion of the evidence in light of the actual legal standard applied by the district court. Accordingly, we conclude Mother has not persuaded this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{8}** Lastly, we note that to the extent Mother seeks to discredit the testimony and recommendation of the court-appointed expert [MIO 6-7], this Court is in no position to reweigh testimony on appeal. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. We also note that Mother questions whether the standard of proof in this case was met given that the court-appointed personnel did not agree on an outcome. [MIO 9] However, it was the district court, and not court-appointed personnel, that was tasked with the ultimate duty to determine Children's best interests. *See* Rule 1-053.3(A), (D) NMRA (providing that "[t]he guardian *ad litem* serves as an arm of the court and assists the court in discharging its duty to adjudicate the child's best interests" and that the court shall not "delegate the ultimate determination of the child's best interests"); *see also Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 12, 331 P.3d 915 (providing that the court is not bound by

a guardian ad litem's recommendations); *cf. State v. Hughey*, 2007-NMSC-036, ¶ 15, 142 N.M. 83, 163 P.3d 470 (indicating that conflicting expert testimony is to be resolved by the fact-finder).

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm the order of the district court.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**