This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41184**

**ANGELA KIM NATION,**

Petitioner-Appellee,

v.

**ISAIAH DEREK ROYBAL,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Flora Gallegos, District Court Judge**

Angela Kim Nation
Las Vegas, NM

Pro Se Appellee

Isaiah Derek Roybal
Las Vegas, NM

Pro Se Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Respondent (Father), a self-represented litigant, appeals from the district court's order denying his motion to terminate his own parental rights. We issued a notice of summary disposition, proposing to summarily affirm. Petitioner (Mother), also filing pro se, filed a memorandum in support, and Father filed a memorandum in opposition (MIO); Mother filed a response to the memorandum in opposition, and Father filed a reply to Mother's response. While we consider memoranda in support of our notice under Rule 12-210(D)(2) NMRA, "our [R]ules of [A]ppellate [P]rocedure do not provide for the filing of responses and replies back and forth between the parties to their memoranda in support of, or in opposition to, a calendar notice." *Landavazo v. N.M.*

*Dep't of Hum. Servs.*, 1988-NMCA-002, ¶ 5, 106 N.M. 715, 749 P.2d 538; *see* Rule 12-210. Thus, we do not consider Mother's response to Father's MIO or Father's reply thereto in deciding this appeal. *See Landavazo*, 1988-NMCA-002, ¶ 5 (refusing to consider the parties' responses that were not contemplated by our rules). On the basis of Mother's memorandum in support and Father's memorandum in opposition, we remain unpersuaded that the district court erred and affirm.

**{2}** In Father's MIO to our notice, Father now raises alternative arguments: the district court should restore his custody rights to Children [MIO 1-5, 8-11] or terminate his parental rights [MIO 5-7]. Father's arguments related to the restoration of his custody rights were not raised in his docketing statement. [DS 4] New arguments raised in response to a calendar notice are treated as a motion to amend. *See* Rule 12-210(D)(2) (stating that "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues," but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition).

**{3}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** Father does not explain how he preserved arguments relative to the restoration of his custody rights in district court or the grounds for the district court's rulings, if any were made. The record suggests that Mother was granted sole and full custody of Children without objection from Father. [RP 134-35] And, the record before us does not contain any motion from Father seeking broader custody rights. [RP 172-73] We cannot and will not decide such custody matters for the first time on appeal. *State v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("[G]enerally, [we will not] address issues not preserved below and raised for the first time on appeal."). Father must seek such relief from the district court in the first instance. For these reasons, we deny the motion to amend the docketing statement and do not address this matter further. *See Moore*, 1989-NMCA-073, ¶¶ 36-51; *Rael*, 1983-NMCA-081, ¶¶ 7-8; *see also* Rule 12-208(D)(3), (4).

**{5}** Relative to Father's alternative desire to have his own parental rights terminated, we remain unpersuaded that he has established district court error. Father's admission to unidentified acts underlying criminal charges of child abuse not resulting in great bodily harm in exchange for entry into a preprosecution diversion program in a separate

case, without further detail or reason from Father, does not demonstrate that the district court erred by refusing to terminate his parental rights under the Abuse and Neglect Act. [MIO 6] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and explaining that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{6}** For the reasons stated above and in our notice, we affirm the district court's order denying the motion to terminate Father's parental rights.

**{7}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**